New York County.—HON. D. C. CALVIN, Surrogate.—
February, 1881.

## Weed v. Waterbury.

*In the matter of the application for letters of administration upon the estate of* Benjamin Waterbury, *deceased.*

Where, after the verification of a petition for letters of administration upon the estate of a decedent alleged to have died an inhabitant of, and left assets in the county, and before the grant thereof, one to whom foreign letters had been granted applied for ancillary letters here,—*Held,* that, under Code Civ. Pro., § 2696, the former application, not having been disposed of, might be granted, and that it was not necessary to refer the question of decedent's residence, or to appoint a temporary administrator, to collect rents about falling due.

This was an application by Charles G. Weed, a nephew of decedent, for letters of administration upon

decedent's estate, on the ground that decedent died in this city in November, 1880, being an inhabitant of this county, and leaving assets therein.

The petition was verified January 3, 1881, but the issuing of letters was delayed, in consequence of difficulty in procuring the requisite sureties ; and subsequently an application was made by a remote relative for ancillary letters, showing that the decedent died an inhabitant of Connecticut, and that the proper officer had issued letters to him there.

It was claimed, on the part of the petitioner for letters ancillary, that he was entitled thereto, unless it should be adjudged that decedent died an inhabitant of this county,—which was denied by several affidavits; and that it was the duty of the Surrogate to refer that question, and in the interim to appoint a temporary administrator, with power to collect certain rents which were about falling due.

THE SURROGATE.—I see no necessity for either such a reference, or the appointment of a temporary administrator ; for, assuming that the decedent was not a resident of this State at the time of his decease, yet having left assets in this county, the Surrogate has jurisdiction to appoint an administrator (3 *R. S.*, 76 [6 ed.], § 24, subd. 2) ; and the application for ancillary letters does not prevent the issuing of letters to this petitioner (see *Code. Civ. Pro.*, § 2696, subd. 2), as the petitioner is a relative of decedent, legally competent to act, and has made application to the Surrogate having jurisdiction, and the application has not been finally disposed of.

I am, therefore, of the opinion that, on giving the

requisite security, the petitioner is entitled to letters. This determination is independent of the question of the residence ; and the rights of all parties may be protected upon that question on the final accounting and the distribution of the estate.

Ordered accordingly.