NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—November, 1885.

LUSSEN *v.* TIMMERMAN.

*In the matter of the estate of* GESCHE LUSSEN, *deceased.*

Under 2 R. S., 74, § 28, declaring that, among kindred of an intestate of the same degree, males shall be preferred to females, in the grant of letters of administration upon the estate, a son who resides in another state has, in spite of that fact, a priority of right over a daughter resident here.

Where, pending an application, by one "legally competent to act," for original letters of administration of the estate of an intestate who resided in another state at the time of his death, a domiciliary administrator asks that ancillary letters be issued to him, the court, under Code Civ. Pro., § 2696, subd. 2, though it has power, is not compelled to grant the prayer of the former, but may, in its discretion, issue letters, either original or ancillary, to the foreign representative.

APPLICATIONS for letters of administration, original and ancillary, of the estate of decedent. The facts are stated in the opinion.

JESSE K. FURLONG, *for Henry Lussen.*

SIDNEY H. STUART, *for Celia Timmerman.*

THE SURROGATE.—On the 25th of July, last, this

decedent died intestate in Hudson county, N. J.,
leaving certain personal property in the county of
New York, and leaving, as her next of kin, nine
adult children, of whom seven are residents of New
Jersey, and two reside in this city. One of those two
children, Celia Timmerman, filed a petition in this
court on September 23rd last, asking that she be ap-
pointed administratrix of the estate, and that her
husband be joined with her in its administration.
Upon this petition a citation was issued, addressed to
Margaret E. Mundeking, the petitioner's sister, resi-
dent in New York. A citation was returned on
October 2nd, 1885, and the proceedings were then
adjourned until October 16th, on which day Henry
Lussen, a son of decedent, residing in New Jersey,
submitted to the Surrogate a verified answer, setting
up that, on September 2nd, 1885, he had filed in the
Orphans' court of Hudson county, N. J., a notice of
his intention to apply for letters of administration on
his mother's estate; that a citation had been issued
out of that court, returnable October 10th, and that
on the 12th of October he had obtained letters, upon
executing a bond in the penal sum of $16,000. His
answer also declared his purpose to make application
in the county for letters ancillary. On the same day,
Henry Lussen filed a petition for such ancillary let-
ters, setting forth therein the fact of his appointment
to the principal administration in New Jersey.

It is contended by counsel for the petitioner, Mrs.
Timmerman, that because proceedings upon her appli-
cation were pending and undetermined in this court
on October 10th, the day when letters were granted

in New Jersey to Henry Lussen, she is now absolutely entitled to letters in this county.

Section 2696 of the Code of Civil Procedure provides that, upon application by a foreign administrator of an intestate's estate, and upon the presentation of his foreign letters to the proper Surrogate, such Surrogate "*must* issue letters of administration in accordance therewith, except in one of the following cases : . . . . .

" 2. Where an application of letters of administration upon the estate has been made by a relative of the decedent who is legally competent to act, . . . . and letters have been granted accordingly, or the application has not been finally disposed of." Now the circumstances for which this exception provides exist in the case at bar ; so that, despite the application for letters ancillary, it is in the power of the Surrogate to grant Mrs. Timmerman's petition (Weed v. Waterbury, 5 *Redf.*, 114).

On the other hand, in exercise of his discretion, he may grant the petition for letters ancillary. This I am unwilling to do, under all the circumstances disclosed by the papers on file in these proceedings, unless the applicant shall give bond in the same amount that would be exacted from an administrator in chief. If he chooses, within five days from entry of order, etc., to give such bond he may take letters ancillary—or he may within that time take original letters—having, as he does have by virtue of the statutory preference of males to females, a right thereto in priority over his sister in spite of his non-

residence (R. S., part 2, ch. 6, tit. 2, § 28; 3 Banks, 7th ed., 2290).

If he shall fail to give bond, as above required, letters may issue to Mrs. Timmerman.