### In re BEACH'S ESTATE.

(*Surrogate's Court, Cattaraugus County, Filed April*, 1893.)

1. SURROGATES' COURTS—OPENING DECREE.

An alleged erroneous construction of a will is not a "sufficient cause" for a rehearing and to open a decree within the meaning of Code Civ. Pro. sec. 2481, subd. 6, providing that a decree may be opened for fraud, newly discovered evidence, clerical error, or "other sufficient cause," as the latter words mean causes of like nature with those specifically named.

2. EXECUTORS AND ADMINISTRATORS—OPENING DECREE—NEWLY DISCOVERED EVIDENCE.

A decree will be reopened for the purpose of determining the question of the executor's liability to the estate for a deduction obtained

on the payment of a note due by deceased, the benefit of which deduction was not given to the estate and information of which did not come to the applicant's knowledge till after the former trial.

**3. SAME—CLERICAL ERROR.**

When it is alleged that under the decision of the court on the former hearing the widow was entitled to interest on the personalty from the testator's death, and that the decree deprived her of such interest between the testator's death and the date of the decree, the latter will be opened for the purpose of correcting such error. if it exists.

Application by widow to open decree. (See p. 246 of this volume for former report.)

W. G. Laidlaw, for applicant; A. & G. E. Spring, for executor.

DAVIE, S.—The accounts of the executor were judicially settled by a decree made on the 21st day of September, 1892. In order to determine the proper disposition to be made of the personal property belonging to the estate, a construction of the will became necessary; and the question presented was whether, under the terms of the will, the widow took the personal property absolutely, or only a life estate therein. The widow was represented by counsel upon the proceedings for such judicial settlement. The question of construction was distinctly raised, discussed, submitted, and decided by the surrogate, it being then held that the widow was only entitled to the use of such property during life. The determination of such question depended largely upon the particular phraseology of the will itself. There was no conflict of evidence relating to any of the extraneous circumstances to which resort was had in ascertaining the intention of testator. The question involved was one of law, and the ground alleged in the moving papers for asking such rehearing is that the decision of the surrogate upon this proposition was erroneous, as matter of law. Assuming such to be the case, does the power exist to grant the relief sought? The Code provides that the surrogate may open, vacate, modify, or set aside an order or decree of his court, or grant a new trial or

new hearing, for fraud, newly-discovered evidence, clerical error or other sufficient cause; such power, however, to be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same power (Code, sec. 2481, subd. 6); and the suggestion of the counsel for the widow is that the alleged erroneous determination of the question of construction constitutes a "sufficient cause," within the meaning of the subdivision above cited, but such suggestion is not sustained by the decisions defining the powers of surrogates under that subdivision.  It is held that such powers are limited to cases where "fraud, newly-discovered evidence, clerical error," or other sufficient causes of a like nature exist.  *In re* Hawley, 100 N. Y. 206, 3 N. E. Rep. 68.  "Other sufficient cause" means causes of like nature with those specifically named.  *In re* Tilden, 98 N. Y. 434.  The subdivision cited does not permit a resort to this method of review where the only error complained of is one of law.  *In re* Dey Ermand, 24 Hun, 1; *In re* O'Neil, 46 Hun, 500; *In re Hawley,* 100 N. Y. 206, 3 N. E. Rep. 68; Trust Co. v. Hill, 4 Dem. Sur. 250.  In view of these decisions I am of the opinion that no authority exists for permitting a reargument or rehearing upon the question of construction, and that the motion should, to that extent, be denied.

The principal affidavit upon which this application is based is not made by the widow, but by her attorney, and consequently the allegations therein contained are, necessarily, largely upon information and belief; but no objection is made to the form of the moving papers, and this motion has been argued and submitted upon the understanding that the papers were in all respects regular.  In the account filed and judicially settled, the executor credits himself, and charges the estate, with the full amount of a certain note paid by him, which note was signed by the deceased and the executor himself; and such proof was adduced upon the trial as to lead to the conclusion that such note was, in fact, primarily the individual indebtedness of the deceased.  It is alleged in the moving papers that the said executor did not in fact pay the full amount of such note, but pro-

cured a settlement of the same at a considerable discount, with-out giving the estate the benefit of such deduction, and that such information has come to the knowledge of the widow since the former trial. If these statements are true, and the executor has in fact secured a substantial deduction upon this indebtedness, and himself retained the benefit thereof, he is certainly guilty of decidedly improper and reprehensible conduct, which should not be sanctioned or sustained. The newly discovered evidence claimed to exist is the declarations of the executor to the effect that such deduction from the amount of said note had been obtained by him, and the papers presented are sufficient to warrant the opening of the decree to the extent and for the purpose of ascertaining the truth relating to such charge.

Again, it is alleged on part of the widow that a clerical error was committed in the drafting of the decree, and that the decree, as drawn, is not, in consequence, in conformity with the decision made upon the question of construction. The claim made is that, under such construction, the widow is entitled to entire avails of, and accruing interest upon, the personal estate from the death of the testator, and that by the decree entered she is deprived of all or of a part of such interest and avails accruing between the death of testator and the date of the decree. If such error exists, that, too, should be corrected, and the decree opened for that purpose.

An order should be entered, opening said decree, and granting a rehearing in this matter, for the purpose of determining the question of the executor's liability to the estate for the deduction obtained on said note, and for the further purpose of correcting such clerical error as may exist in the form of the decree.