ANTHONY IRAGGI, Respondent, v. SAMUEL RAYMON and Another, Appellants.— Action by tenant against landlords to recover damages to personal property by reason of the defective condition of the demised premises. Judgment of the County Court of Suffolk county reversed on the law, with costs, and complaint dismissed, with costs, on the ground that the prior determination was *res judicata*. The disclosures on this record are fuller and broader than appeared on the prior appeal. Carswell, Davis and Johnston, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm.

In the Matter of the Judicial Settlement of the Account of Proceedings of JULIUS LEHRENKRAUSS and Another, as Executors, etc., of WILHELMINE DORING, Deceased. CONSUL GENERAL OF THE REPUBLIC OF POLAND, Acting on Behalf of STEFAN WOYCZYNSKI, Mayor of the Town of Tczew, Poland, Appellant; RUDOLPH LOREBCK, Attorney, Respondent.— On an accounting by executors, which involved a construction of the will, a decree of the Surrogate's Court of Queens county was made, adjudging that the next of kin of the testatrix were entitled to the residuary estate. The decree was reversed on appeal and a new decree was made by the surrogate pursuant to the direction of the appellate court. No provision was made in either decree for an allowance to the attorney of said next of kin. Thereafter, on his motion, an order was made by the surrogate by which said attorney was allowed the sum of $300 for his services in the Surrogate's Court, from which order this appeal was taken. Order of the Surrogate's Court of Queens county, directing payment of a special allowance, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the Surrogate's Court was without power, prior to the amendment of section 278 of the Surrogate's Court Act, which became effective September 1, 1935, to grant an allowance to counsel in a proceeding involving the construction of a will, after the surrogate's decree, which made no provision for an allowance, has been reversed and where a new decree has been made by the surrogate pursuant to the direction of the appellate court, which new decree contains no provision for an allowance. It seems to this court that under section 278, as it stood at the time the order under review was made, an allowance for costs in a will construction proceeding could only be made by the surrogate " when the decree is made." (*Matter of Lydig*, 149 Misc. 598; *Matter of Watson*, 241 App. Div. 842; affd., 264 N. Y. 697.) Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

In the Matter of the Petition of EDWARD P. MULLIN, as Executor, etc., of CHARLES R. FAY, Deceased, for an Order Directing EDMUND F. DRIGGS to Attend and Be Examined Respecting Certain Money and Other Personal Property, or the Proceeds or Value Thereof, and His Knowledge or Information Respecting the Same and Directing the Delivery Thereof to the Petitioner. EDWARD P. MULLIN, as Executor, etc., of CHARLES R. FAY, Deceased, Appellant; EDMUND F. DRIGGS, Respondent.— Order of the Surrogate's Court of Kings county dismissing a discovery proceeding unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.