In the Matter of the Estate of IRVING I. BLOOMINGDALE, Deceased.

Surrogate's Court, New York County, November 26, 1938.

*Arthur T. O'Leary,* for Geanne Hughes Bloomingdale Butler, as executrix and trustee.

*Max D. Steuer [Sidney O. Friedman* of counsel], for Rosalie Banner Bloomingdale and Donald Bloomingdale, petitioners.

*Alexander J. Lindsay* and *Richmond J. Reese,* for Richmond J. Reese, as executor, respondent.

*John J. Cunneen,* for Geanne Hughes Bloomingdale Butler, individually.

FOLEY, S. This application involves the entry of a decree on remittiturs of the Court of Appeals in a proceeding for the construction of the will. (*Matter of Bloomingdale,* 278 N. Y. 435.) Allowances by way of counsel fees, pursuant to section 278 of the Surrogate's Court Act, are requested by Max D. Steuer, as attorney for Donald Bloomingdale and Rosalie Banner Bloomingdale, beneficiaries of the estate, and by Richmond J. Reese and Alexander J. Lindsay, attorneys for Mr. Reese as executor.

In the exercise of the discretion of the surrogate and pursuant to the terms of section 278 of the Surrogate's Court Act, the applications for allowances are granted. The only question of law requiring discussion is whether the allowances may cover services rendered in the proceeding in the Surrogate's Court as well as services rendered in the appeals in the Appellate Division and in the Court of Appeals.

In the proceeding in the Surrogate's Court none of the attorneys requested an allowance or its inclusion in the decree or supplemental decree made by the surrogate. In so far as the attorneys for the executors are concerned, they had the right to rely upon the general rules that the reasonable value of their services might be fixed and determined in a proceeding brought pursuant to section 231-a of the Surrogate's Court Act or might be the subject of payments set forth in the account and requested to be fixed or confirmed by the surrogate under section 285 of the Surrogate's Court Act wherein a reasonable allowance may be made for professional services of an executor who acts as attorney in the administration of the estate.

In so far, however, as the attorney for the beneficiary or beneficiaries is concerned a different rule applies. The allowance in a construction proceeding must be made in the decree of the surrogate. In such proceeding it has been held by the writer of this decision that the attorney for the beneficiary may not invoke the aid of section 231-a of the Surrogate's Court Act to obtain an allowance out of the general estate. (*Matter of Winburn,* 160

Misc. 49.) Unless the attorney for a legatee or beneficiary, therefore, seeks and obtains an allowance by the decree of the surrogate he is remitted to his rights to recover compensation from his client individually and he may apply under section 231-a to have his compensation fixed and for a direction of payment thereof out of the share of the client in the estate and not out of the general estate.

It is contended here by the attorneys seeking allowances that the amended form of section 278 of the Surrogate's Court Act since the enactment of chapter 597 of the Laws of 1935 admits of an interpretation which would authorize the granting of an allowance in a construction proceeding for services rendered not only upon the appeal but also in the original proceeding before the surrogate. The pertinent terms of that section as amended now read as follows: " When the decree is made in a proceeding to construe a will, *or after appeal, in such a proceeding, pursuant to the direction of the appellate court,* the surrogate may, in his discretion, allow to an executor, trustee, guardian, or any party to such proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding *or on such appeal,* and the decree may direct payment to the attorney for whose services such allowance is made." The italicized matter was added by the amendment, which went into effect on September first of that year.

The addition of this new matter was intended to supply the omission in the prior form of the section which precluded the making of an allowance for services on an appeal. (*Matter of Watson,* 264 N. Y. 697, affg. 241 App. Div. 842; *Matter of Lydig,* 149 Misc. 598; 154 id. 901.) Under the latter decisions it was held that the form of the section immediately prior to September 1, 1935, permitted an allowance only for services rendered in a construction proceeding in the Surrogate's Court. In the opinion of the surrogate the context of the present form of the section does not permit the making of an allowance after the decision of the Appellate Division or the Court of Appeals for services rendered in the court of original jurisdiction. There must be read into its terms those decisions which have explicitly held that the decree of the surrogate may not be reopened, modified or amended except for the reasons stated in subdivision 6 of section 20 of the Surrogate's Court Act. (*Matter of Starbuck,* 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Brennan,* 251 id. 39; *Matter of Doring,* 246 App. Div. 635.)

It was held in *Matter of Starbuck* (*supra*) that the surrogate was without power to modify by a subsequent decree an allowance to an attorney made in a previous decree. Necessarily, the decree,

once made, becomes conclusive under the provisions of section 80 of the Surrogate's Court Act. It may be reopened, vacated or modified only upon a showing of fraud, newly-discovered evidence, clerical error or other sufficient cause. Where no allowance is sought in the Surrogate's Court, therefore, the decree in the construction proceeding becomes conclusive and may not be subsequently modified. Where complaint is made by the attorney that the allowance was improperly denied by the surrogate or was awarded in an inadequate amount, the sole remedy is by appeal. The soundness of this procedure is best demonstrated by a proceeding where the decree of the surrogate is affirmed by the Appellate Division or by that court and the Court of Appeals. In such a case the decree of the lower court, which included no allowance, became *res adjudicata* and the new terms of section 278 of the Surrogate's Court Act do not admit of a construction that power was intended to be given to the surrogate to reopen or modify the decree by way of directing the payment of an allowance to an attorney who had failed to assert his rights originally.

Moreover, the making of the allowances must be confined to services rendered upon the appeal or appeals whether the original decree be affirmed, modified or reversed. The amendment of 1935 was not intended to afford an attorney a new opportunity to apply, after the decision of the appellate courts, for an allowance which he failed to claim in the court of original jurisdiction.

I, accordingly, hold that the decree and supplemental decree of the surrogate in the pending proceeding are conclusive and *res adjudicata* upon the question of allowances for services rendered in this court.

Allowances will be granted in the discretion of the surrogate for services rendered on the appeals in the Appellate Division and in the Court of Appeals. No decree on remittitur was made after the decision of the Appellate Division. If it had been made, that decree would have been conclusive upon the award or non-award of allowances. Since no such decree was entered, however, authority now exists to allow counsel fees for services rendered in the Appellate Division.

Upon the evidence I hold that the reasonable counsel fee for the services on the appeals rendered by Mr. Steuer is $40,000. In fixing that amount the surrogate has applied the rules laid down in *Matter of Potts* (213 App. Div. 59; affd., 241 N. Y. 593). " In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the

professional standing of the counsel, and the results obtained. (*Matter of Lester*, 172 App. Div. 509, 520; *Schlesinger* v. *Dunne*, 36 Misc. 529; *Matter of Sewell*, 32 id. 604; *Randall* v. *Packard*, 142 N. Y. 47; 6 C. J. 750.) " (Per Hubbs, P. J.)

It is sufficient to say that the work of the attorney involved a difficult and bitterly-contested litigation over very large amounts of money, that it required the expenditure of a very considerable amount of time, and that the estate approximates $5,000,000 in value. Moreover, he was completely successful in the Court of Appeals in sustaining his contentions as to the rights of both of his clients and in obtaining for one of them, the former wife of the testator, far greater financial benefits than were accorded to her in the courts below.

For the reasons stated above, no allowance may be granted to him under my interpretation of section 278 for services in this court, since no application for it was made by him in the proceeding and because the original decree and supplemental decree in this court are conclusive on that question.

The joint allowance for reasonable counsel fees to Mr. Reese, executor, and to his associate attorney, Mr. Lindsay, is fixed in the discretion of the surrogate at the sum of $20,000 for services rendered in the appellate courts. The tests enunciated in *Matter of Potts* (*supra*) have likewise been employed in the fixation of this amount. Their right to compensation for services rendered in the Surrogate's Court may be asserted in the pending accounting proceeding which includes an application brought under section 231-a of the Surrogate's Court Act.

In other words, the denial of any allowance to them under section 278 for services in the court of original jurisdiction does not affect their right as attorneys for the executor or executors to have adjudicated the reasonable compensation for such services rendered by them but not included in the allowance made by this decision. Their rights under sections 222, 231-a and 285 are preserved to them.

The situation as it stood at the making of the supplemental decree of the surrogate gave priority to the trust for the son which was afterwards sustained. It gave equality in the distribution of the income to the former wife and the widow which was afterwards modified by the Court of Appeals by a direction which gave absolute priority to the former wife over the widow. In the situation as determined by the surrogate, counsel for the son and the former wife was willing to acquiesce and to refrain from appeal. Counsel for the widow contended for a construction of the will which would give absolute preference to her. It was his insistence in taking the

appeals on her behalf which led to the cross-appeals by counsel for the son and the former wife. The embarkation of the widow on the sea of litigation created additional work for which the allowances have been made. The statute wisely provides that the expenses of the unwilling passengers on such a voyage shall be borne out of the estate and should not be a matter of burdensome personal cost to the parties who have succeeded in the ultimate result.

The allowances so fixed are directed to be charged and paid out of the net residuary estate, particularly in view of the similar direction for the charging of costs made in the recent decision of the Court of Appeals in this proceeding. (*Matter of Bloomingdale*, 278 N. Y. 435.)

Costs taxed. Order and decree on remittiturs, pursuant to the decision and directions of the Court of Appeals, signed.

Decision of December 13, 1938.

The motion to resettle the order and decree on remittiturs of the Court of Appeals and for a new trial on the ground of newly-discovered evidence is denied. No legal reason for resettlement has been shown in the moving papers. Nor is there any ground for the reopening of the order and decree because of alleged newly-discovered evidence under subdivision 6 of section 20 of the Surrogate's Court Act. (*Collins* v. *Central Trust Co.*, 226 App. Div. 486; *Matter of Sielcken*, 162 Misc. 54, 64.)

Submit order on notice denying the motion accordingly.

Decision of December 16, 1938.

My original decision of December 13, 1938, *supra*, denying the motion to resettle the order and decree on remittiturs of the Court of Appeals will be modified by directing the inclusion in the order and decree of an accurate recital of any omitted papers or matter, upon which the order and decree was made, as suggested by the attorney for Mrs. G. H. B. Butler and the attorney for the other parties. The decretal and determinative provisions of the order and decree are correct and will stand unchanged pursuant to my original decision. It clearly appears, however, that the recitals of the papers, on which the order and decree was made, omitted certain papers filed in the application.

Submit resettled order and decree on notice accordingly.