In the Matter of the Estate of ANNA M. TANSKANEN, Deceased.

Surrogate's Court, Bronx County, March 4, 1948.

*James Wilson Young* for Consulate General of Finland, petitioner.

*David M. Freedman* for objectant.

HENDERSON, S. The decedent herein, a resident of Finland, died intestate on the 25th day of July, 1944. Her distributees are a daughter residing in the United States, a grandson and a granddaughter, both residing in Finland, each of whom is the only surviving issue of a predeceased child.

The assets of this estate in the State of New York consist of moneys on deposit with the city treasurer, subject to the order of this court, for the benefit of this decedent.

On February 9, 1948, the Consulate General of Finland in the United States, pursuant to a power of attorney executed by the grandchildren, filed a petition requesting the issuance of ancillary letters of administration.

Under the laws of Finland, each of the distributees herein is entitled to one third of the net estate. It appears that the distributees residing in Finland are entitled to the possession in

Finland of the personal property of the decedent and act in the same capacity as administrators, although the laws of Finland do not provide for the issuance of letters of administration.

The petitioner for ancillary letters alleges that the extent of the decedent's estate in Finland is unknown, "but believes that it was small and that it has already been distributed."

Prior to the issuance of ancillary letters and on the 14th day of February, 1948, the decedent's daughter filed a petition requesting the issuance of original letters of administration to her. She also filed objections to the issuance of ancillary letters. In support of her petition, she has submitted an instrument executed by the grandchildren, pursuant to which she asserts title to the interests of the grandchildren in this estate.

Under section 160 of the Surrogate's Court Act, the Surrogate must issue ancillary letters of administration in accordance with the application therefor except " 2. Where original letters of administration, upon the estate, have been previously issued to a person entitled to the same, who is legally competent to act, or the application therefor has not been finally disposed of."

The present case is one which comes within the above exception. Therefore, despite the application for ancillary letters, the court has discretion to deny this application and grant the request for original letters (*Lussen* v. *Timmerman,* 4 Dem. 250; *Matter of Williams,* 5 Dem. 292, affd. 44 Hun 67, affd. 111 N. Y. 680; *Weed* v. *Waterbury,* 5 Redf. 114).

In the exercise of this discretion, the objections to the issuance of ancillary letters will be sustained and original letters of administration will issue to the daughter upon the filing of a bond in the sum of $6,000 and otherwise qualifying pursuant to statute.

Settle decree and proceed accordingly.