In the Matter of the Accounting of John H. Krooss, as Executor of ELISE KROOSS, Deceased Executrix of HERMAN KROOSS, Deceased, and JOHN H. KROOSS, as Administrator C. T. A. of Herman Krooss, Deceased.

Surrogate's Court, Bronx County, December 27, 1951.

*James A. Delahanty, James N. Vaughan, William Indursky* and *Jacob Neuthaler* for H. Peter Maue, as executor of Florence K. Maue, deceased, petitioner.

*David Ecker* and *Michael J. O'Reilly* for John H. Krooss, as executor and administrator *c. t. a.*, respondent.

Potts, S. After the Court of Appeals by unanimous decision (302 N. Y. 424) reversed the order of the Appellate Division (277 App. Div. 394) and affirmed the order of this court in a matter involving the construction of a will, the attorneys for the respective parties submitted an order to make the order of the Court of Appeals the order of this court. In connection with this application the attorneys for the parties each sought an allowance of $15,000 payable from the assets of the estate pursuant to section 278 of the Surrogate's Court Act for services rendered in (1) the construction of the will in this court; (2) in the appeal to the Appellate Division; (3) in the appeal to the Court of Appeals. The parties represented by these attorneys consented to the granting of the requested allowances, but there are infants who are interested in the ultimate disposition of the funds. It was stipulated by the attorneys that the gross estate herein was approximately $300,000.

By reason of the failure to reserve their rights to an allowance pursuant to section 278 of the Surrogate's Court Act in the decree entered by the Surrogate on the construction, the attorneys for the estate and the attorneys for the successful appellant may not receive an allowance in this application for services rendered in the construction had in this court. (*Matter of Bloomingdale,* 169 Misc. 968.) As a result of the holding in the last-mentioned decision, the attorneys each submitted a supplemental affidavit wherein they revised their request for an allowance from $15,000 to $10,000, which last-mentioned amount contemplated an allowance only for services rendered in the appellate courts.

This court is of the opinion that a fair and reasonable allowance pursuant to section 278 of the Surrogate's Court Act payable to the attorneys for the successful appellant for their services in all three courts is $11,000. However, in view of the holding in *Matter of Bloomingdale* (*supra*) the court fixes

the allowance of these attorneys at $9,000, payable from the estate for services rendered in the appellate courts, of which $7,500 is allowed for their services in the Court of Appeals, and $1,500 for the appeal in the Appellate Division. The allocation of the $9,000 allowance as aforesaid is not to be construed as minimizing the importance of the services rendered by these attorneys in the Appellate Division but is based primarily on the fresh approach to the problem taken by the attorneys who argued the appeal in the Court of Appeals, the result obtained and on the usual canons for evaluating an attorney's services laid down in *Matter of Potts* (213 App. Div. 59, affd. 241 N. Y. 593).

As for the services of the attorneys for the successful appellant rendered in the construction in this court, they may apply for compensation under section 231-a of the Surrogate's Court Act, which would be payable out of their client's interest and not from the estate proper. (*Matter of Bloomingdale, supra.*)

As to the allowance of the attorneys for the estate who were unsuccessful in the ultimate appeal, this court feels that a fair and reasonable allowance for services rendered in all three courts would be $8,500. However, the court fixes the allowance of these attorneys at $6,500 payable from the estate for services rendered in the appellate courts, of which $5,000 is allowed for their services in the Court of Appeals and $1,500 for services rendered in the Appellate Division. The tests enunciated in *Matter of Potts* (*supra*) have likewise been employed in the fixation of these amounts. The attorneys for the estate may assert their right to compensation payable from the estate for the services rendered in the construction proceeding in the Surrogate's Court on the accounting or in an application brought under section 231-a of the Surrogate's Court Act. (*Matter of Bloomingdale, supra.*)

Costs taxed. Order, pursuant to the decision and directions of the Court of Appeals, signed.