S. Samuel Di Falco, S.
In this proceeding for construction of the will the attorneys who represented the interested parties and the special guardians who were designated to act on behalf of infant respondents have presented affidavits for allowances under sections 278 and 280 of the Surrogate’s Court Act. One of the coexecutors insists that the allowances for counsel fees and for the special guardians should be charged against the interests severally represented. His cofiduciary takes the posi *281 tion that all of these costs should be charged against the residuary estate on the theory that they constitute expenses of administration.
The principal questions determined by this court in its decision construing the will (10 Misc 2d 274) involved its second and sixteenth paragraphs. In article second the testatrix left to her husband’s relatives property which she had received as a legatee under his will. The residuary legatees contended that only such property as was specifically identifiable as having come into her possession from the estate of her husband was embraced within the terms of the bequest. The legatees under article second took the position, in which they were upheld, that the gift also included the profits, proceeds of reinvestments and all of the other increases in value traceable to the original assets. The second of the questions in which both groups of legatees shared in a common problem involved the apportionment of estate taxes under section 124 of the Decedent Estate Law. In addition, two other issues were raised, one confined to the bequest under article second and the other to the division of the residuary estate. In the first of these, which called for the court’s determination as to whether the legal life tenant under article second was required to furnish a bond, the residuary legatees had no interest. In the second, having to do with the manner in which division of the residuary estate was to be made, the legatees under article second were not concerned.
Under these circumstances to charge the entire cost of the proceeding to the residuary legatees as an administration expense would allow the legacy under article second to escape its fair share of the expense involved. Since allocation of such charges is permissible under both sections 278 and 280 (Matter of Upjohn, 304 N. Y. 366) the court will adopt that course in this case. However, recognizing that an overall benefit to the estate resulted from the proceeding which terminates with a decree charting the course of fiduciary action, the major part of the expense must be borne by the residuary legatees. Therefore, 50% of the allowances fixed for attorneys representing persons interested only in the bequest under article second, including the allowance of the special guardian for the infants interested therein, will be assessed against the legacy. The balance of these expenses and all of the allowances made to attorneys and to the special guardian for residuary legatees will be charged as an administration expense.
The attention of counsel is again called to the fact that section 278 of the Surrogate’s Court Act does not provide a substitute for section 231-a. The amounts allowed under section
*282 278 are not to be regarded as the value to the respective clients of the services rendered by their attorneys; rather, such allowances are intended to compensate counsel for services which were of aid to the court in its determination of the construction problems affecting the general estate. The attorneys must therefore look to their respective clients for the balance of the fees to which they are entitled in the light of the results which they were able to achieve (Matter of Charles, 2 Misc 2d 928; Matter of Gibson, 10 Misc 2d 282).
Resubmit decree with computations completed.