Joseph A. Cox, S.
Four applications have been made to this court to amend, modify or resettle its decree dated August 8, 1961 which concluded the proceeding to construe the decedent’s will and settled the accounts of the temporary administrators and executors. These applications are made by four attorneys who were concerned with the construction phase of the proceeding and who now seek the amendment, modification or resettlement of the decree so as to provide for the inclusion therein of an allowance to the said attorneys, pursuant to the provisions of section 278 of the Surrogate’s Court Act.
Subdivision 6 of section 20 of the Surrogate’s Court Act gives to the Surrogate the power “ To open, vacate, modify or set aside * * * a decree or order of his court; or to modify or resettle a decree or order of his court to conform its provisions to the decision in writing of the surrogate; * * * for fraud, newly discovered evidence, clerical error, or other sufficient cause.”
The clerical error referred to by the statute has been held to mean just what the word “ clerical ” denotes, or an arithmetical error or an inadvertent mistake of fact but it has never been held to include a mistake of law or to allow the opening of the decree for the making of a substantial change therein not due to an inadvertent mistake of fact (Matter of Putnam, 220 App. Div. 34; Matter of Robertson, 51 App. Div. 117, affid. 165 N. Y. 675; Matter of Henderson, 33 App. Div. 545, affd. 157 N. Y. 423; Matter of Beach, 3 Misc. 393).
The phrase “ other sufficient cause ” has been interpreted by our courts to mean causes of like nature or causes similar to those specifically named (Matter of Tilden, 98 N. Y. 434; Matter of Hermann, 178 App. Div. 182; Matter of Brennan, 251 N. Y. 39). The petitioners in the pending applications to amend, modify or resettle the decree state as their grounds for the *800 applications that through an oversight or clerical error the decree which was prepared by the attorneys for the executors did not contain any provision for the payment of fees under section 278 of the Surrogate’s Court Act.
The proposed decree was noticed for settlement for July 19, 1961 and was served upon all counsel who appeared in the proceeding on July 7, 1961. The decree was signed on August 8, 1961, entered on August 9 and a copy of the decree with notice of entry was served upon all counsel on August 14, 1961. Although no provision was made in the decree for the payment of any fees, no counter decrees containing such provisions were filed and no requests for the fixation of fees under the provisions of section 278 of the Surrogate’s Court Act were filed with this court.
The question of reopening a decree for the allowance of fees has been specifically passed upon before and this court by virtue of those decisions finds itself powerless to grant these applications (Matter of Starbuck, 221 App. Div. 702, affd. 248 N. Y. 555; Matter of Bloomingdale, 169 Misc. 968, affd. 258 App. Div. 881, motion for rearg. or leave to appeal den. 258 App. Div. 959; Matter of Krooss, 200 Misc. 1003; Matter of Brennan, supra).
In the case at bar the alleged clerical error consisted of the failure or neglect of the petitioners to make applications for fees now requested in the sum of $105,333.09. This court cannot understand how an oversight of such magnitude could have been made by four different firms of attorneys. It appears instead that as a result of hindsight the petitioners have now decided to seek compensation from the estate as well as, or instead of, from their clients. Such hindsight is not one of the grounds set forth in subdivision 6 of section 20 of the Surrogate’s Court Act, which would permit the vacating, amending or resettlement of the decree. There was no mistake of fact or clerical error contained in the decree. It was complete in every detail and the failure of the attorneys to seek compensation under the provisions of section 278 of the Surrogate’s Court Act is not unusual as the fees allowed under that section are limited to compensation for only such services as are of aid to the court and. the estate in the determination of the construction question (Matter of Dickinson, 10 Misc 2d 280; Matter of Gibson, 10 Misc 2d 282). The applications are, therefore, denied.