A. Franklin Mahoney, S.
This is a motion to vacate a prior order of this court dated July 21, 1967. The order of July 21 directed the payment of the sum of $1,000 to the attorney for a legatee under the will of Israel Chodikoff for services rendered in connection with a construction proceeding wherein estate tax liability pursuant to section 124 of the Decedent Estate Law (EPTL 2-1.8) was determined. (Matter of Chodikoff, 50 Misc 2d 86.) Application for the fee was made under section 231-a of the Surrogate’s Court Act and was initiated by show cause order which directed service upon interested parties by mail.
This motion must be regarded as being brought pursuant to CPLR 5015 and, therefore, addressed only to the law of the case. It cannot be construed as an attack on the July 21 order under the terms of former subdivision 6 of section 20 of the Surrogate’s Court Act (SCPA 201, 209), as no fraud, newly discovered evidence or clerical error is alleged in the supporting documents. (Matter of Heller, 33 Misc 2d 798.)
The legal questions raised are threefold: jurisdiction of the person of the residuary legatee, jurisdiction of the subject matter, and an alleged violation by the court of the provisions of section 71 of the Surrogate’s Court Act (SCPA 505).
In determining the question of jurisdiction, both in personam and in rem, in the proceeding under section 231-a of the Surrogate’s Court Act (SCPA 2110) that resulted in the order of July 21, attention must be focused on the indisputable fact that this court acquired general jurisdiction of all parties and of the estate in the probate proceeding (decree, Aug. 30, 1963) and continued to exercise that general jurisdiction in the construction proceeding that resolved the estate tax liability issue under section 124 of the Decedent Estate Law (EPTL 2-1.8).
The movant alleges that the court lost jurisdiction of the person of Donald Chodikoff, the residuary legatee, with the entry of the construction decree of May 25, 1966 and, further, that in personam jurisdiction in a section 231-a of the Surrogate’s Court Act (SCPA 2110) proceeding could only be reacquired by original process served pursuant to sections 55, 56, 58-a of the Surrogate’s Court Act (SCPA 307) or, in the absence of personal services, by an authorized appearance pursuant to section 63 of the Surrogate’s Court Act (SCPA 401).
The movant challenges the jurisdiction of the subject matter of the July 17, 1967 proceeding on the ground that application for counsel fees was not.timely made in the construction proceeding (see Matter of Heller, supra) and, further, that section 231-a of the Surrogate’s Court Act (SCPA 2110) and section *787 278 of the Surrogate’s Court Act (SCPA 2301, 2302) are mutually exclusive, i. e., reliance cannot be had on section 231-a where application was not timely under section 278 of the Surrogate’s Court Act.
In my view, the question of in personam and in rem jurisdiction, in Surrogate’s Court, is so interrelated that a general discussion of jurisdiction must, perforce, cover and, hopefully, answer the twin jurisdictional question raised herein.
Sections 20 and 40 of the Surrogate’s Court Act were the basic grants of subject matter jurisdiction to the Surrogate’s Court. Once obtained, jurisdiction was to be retained to administer justice in all matters relating to the affairs of the decedent necessary to be determined in order to make a full and complete disposition of the matter. The case law over the years affirming this position is comprehensive and, in fact, in the case of Matter of Raymond v. Davis (248 N. Y. 67 [1928]) Judge Cahdozo held that the specific powers previously enumerated in section 40 of the Surrogate’s Court Act were to be read as “ in addition to and without limitation or restriction on ’ ’ the general grant of jurisdiction. (See Practice Commentary in McKinney’s Cons. Laws of N. Y., Book 58A, SCPA 201, p. 45.) Jurisdiction once obtained is to be regarded as general, in law and equity, and should not be lost or diminished unless the special proceeding subsequent to acquisition of jurisdiction relates to an inter vivos trust (Surrogate’s Ct. Act, § 20; SCPA 209, subd. 4) or the litigation of a mere chose in action for money damages as distinguished from a discovery proceeding wherein an asset of the estate is sought to be recovered. That the law has always encouraged the retention of in rem jurisdiction is dramatically evidenced by the enactment of SCPA 210 (subd. 2, par. [b]) which, in substance, states that the receipt and acceptance of any property paid or distributed out of an estate shall constitute a submission by such recipient to the jurisdiction of the court. This new section of our law is concededly an exercise in long-arm jurisdiction and may, in those rare instances when recovery of assets improperly distributed is sought after the lapse of an unreasonably length of time, be subject to constitutional attack. Yet, because the benefit that inures to estates by the retention of jurisdiction is so overriding, the Commission on Estates recommended its adoption. In my view, the provision of SCPA 210 (subd. 2, par. [b]) which is analogous to CPLR 302, is applicable to the proceeding under attack herein despite the Court of Appeals holding in Simonson v. International Bank (14 N Y 2d 281 [1964]). In Simonson original jurisdiction was being sought while in this proceeding *788 the court has already acquired jurisdiction of the estate and person of the residuary legatee. Therefore, the provisions of the SCPA, under section 2802 thereof, are applicable to special proceedings commenced prior to September 1, 1967 if no injustice results. Certainly, no unfairness or injustice can result to a residuary legatee in a proceeding to determine an attorney’s allowance where that legatee, domiciliary or nondomiciliary, has personally submitted to the court’s jurisdiction in a probate proceeding and, again, in an estate tax apportionment proceeding. The Simonson case invalidated process served prior to the effective date of the CPLR. In the case at bar we are not concerned with original process but rather with notice to persons already under the jurisdictional tent of the court that further proceedings are about to take place concerning the ultimate winding up of the estate. In fact, the holding in Simonson to the effect that CP'LR 302 is not retroactive to cure defective service specifically excepts from its mandate “ further proceedings ” in actions commenced prior to the 1963 effective date of the CPLR. Patently, in the matter before this court we are dealing with a ‘ ‘ further proceeding ’ ’ in the estate of Israel Chodikoff.
Next, reference need only be made to SCPA 201 which, in addition to carrying forward the general jurisdictional grant of former section 20 of the Surrogate’s Court Act, also has the effect of continuing in the Surrogate’s Court all subject matter jurisdiction, statutory or otherwise, vested in the court at the time of enactment of our new law.
SCPA 202 provides that the court is empowered in any proceeding to exercise any of the jurisdiction granted to it by this act or any other provision of laio. This statutory reference to other laws can be taken as a direct reference, to the provisions of the CPLR. CPLR 8303 (subd. [a], par. 4) provides that the court before which the trial (proceeding in Surrogate’s Court) was had may in a proceeding to construe a will award allowances to a fiduciary or to any party. CPLR 8303 (subd. [a], par. 4) is analogous to section 278 of the Surrogate’s Court Act. Thus under the CPLR as well as under the Surrogate’s Court Act and now the SCPA there is a jurisdictional grant to this court of the subject matter of attorney’s fees and allowances in construction matters. The court may exercise its jurisdiction over the .subject matter regardless of the proceeding in which it was raised. It therefore follows that whenever an issue is raised concerning subject matter over which the court has jurisdiction, the court may resolve such issue though the issue might have been, more properly presented under a different provision of *789 law. (Cf. Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 58A, p. 144.)
From all of the above together with subdivision 7 of section 124 of the Decedent Estate Law (EPTL 2-1.8, subd. [h]) which provides for the retention of jurisdiction of any proceeding which entails apportionment of taxes as they relate to nontestamentary assets, I conclude that this court had jurisdiction of the person of Donald Chodikoff, the residuary legatee, and of the subject matter, in the proceeding of July 17 that resulted in the order of July 21, 1967.
Next, I find the provisions of section 71 of the Surrogate’s Court Act (SCPA 505) inapplicable. The proceeding of July 17, 1967 was not a trial without a jury. The movant herein appeared by pleading. He filed an affidavit in opposition to the relief sought in a matter brought on by a show cause order.
This decision is made without consideration of respondent Rosen’s affidavit. It was not timely filed. (CPLR 2103, subd. [b], par. 2).
Accordingly, I adhere to my finding of July 17, 1967. The motion to vacate under CPLR 5015 (subd. [a], par. 4) is denied.