John M. Keane, ¡S.
The Court of Appeals at 20 N Y 2d 644 (1967) denied the respondents in this construction proceeding leave to appeal. Their counsel now apply to this court for allowances under SCPA 2302 for legal services rendered in this court, the Appellate Division, and the Court of Appeals.
The construction proceeding was initiated on behalf of the husband of the decedent by his guardian appointed pursuant to section 115-c of the Mental Hygiene Law.- The respondents were two sisters of the decedent. The precise question for determination concerned the interpretation of a short paragraph in the will relating to the legacy of decedent’s husband.
This court determined that the entire estate was payable to decedent’s husband (51 Misc 2d 141 [1966]). The determination of this court was appealed by the respondents to the Appellate Division where it was unanimously affirmed at 27 A D 2d 971 *203 (1967). Leave to appeal to the Court of Appeals was denied as stated above.
Counsel have requested an allowance of $675 based on 18 days necessarily expended on behalf of the respondents in this court. The order implementing the decision of this court contained no provision for allowances under SCPA 2302 to counsel who had appeared. No reservation was made in the order for fixing allowances subsequent to any appeal (SCPA 2301, subd. 5). Therefore, the request of counsel for the respondents for an allowance of $675 for services rendered in the proceeding in this court must be disallowed. (Matter of Krooss, 200 Misc. 1003 [1951]; Matter of Bloomingdale, 169 Misc. 968 [1938].)
Even though no allowance can be made for services rendered in this court, the statute does authorize this court to make an allowance for services rendered in the Appellate Division and the Court of Appeals (SCPA 2302, subd. 6). In their proposed bill of costs, counsel for the respondents state that 32 days were necessarily spent in preparing and presenting the appeal in the Appellate Division, for which they seek an allowance of $1,200.
There is nothing on file to advise the court concerning the value of property involved in this construction proceeding. While the value of the property in litigation is not the primary basis upon which any allowance might be made, it certainly is a significant factor. Additionally, the litigation here concerned only one half of the estate after $10,000 had been set aside. The court is not fully informed, when the amount of the property in litigation is unknown. For example, if an estate consisted of $2,000, no court could justifiably hand over the entire estate to attorneys because they had expended their time on an appeal which might, in other circumstances, be worth more than $2,000.
The amount of time spent in a matter is not a controlling factor. In Matter of Snell (17 AD 2d 490, 494 [1962]), the court said: “ The timeelock approach, however necessary or appropriate in some fields, is, most certainly, not that to be exclusively employed in the case of high professional skills directed to complex problems involving, among many other factors, the acceptance of heavy responsibility, commensurate with the subject of the retainer, and the utilization of advanced education and long experience.” Finally, in a construction proceeding, probably the least significant factor is the result obtained. The only basis to sustain allowances to all counsel appearing is that they have been of assistance to the court in making a determination of the question.
The question involved here was one of law only. There was no testimony. Only the will itself was before the court. While *204 counsel may have spent 32 days in preparation for the appeal to the Appellate Division after previously briefing the matter thoroughly for this court, time spent is relevant only when other factors are known. Not knowing the value of the property in litigation, the court is working in a twilight zone rapidly approaching darkness.
Any allowance payable out of the estate of the decedent does not foreclose counsel for the respondents from making further application for services rendered to their clients under SCPA 2110. (Matter of Krooss, supra; Matter of Bloomingdale, supra.) Based upon all the relevant factors and the rationale of Matter of Potts (213 App. Div. 69, affd. 241 N. Y. 593 [1925]), the sum of $800 will be allowed to counsel for the appeal to the Appellate Division. Since costs were granted by the Appellate Division, the further sum for costs and disbursements of $313.96 is also allowed for the appeal to the Appellate Division.
Counsel seeks $375 based on 10 days spent in preparing and presenting their argument to the Court of Appeals for leave to appeal. The decision of the Appellate Division was unanimous. No appeal as of right was available to the Court of Appeals. This court is inclined to consider that the further appeal, in view of the unanimous decision in the Appellate Division, would not be in the same category as other work in a construction proceeding. This appeal, as far as this court is concerned, was primarily for the benefit of the respondents.
Therefore, no allowance will be made for services in the Court of Appeals. However, since costs and disbursements were granted by the Court of Appeals, the sum of $210.14, as set forth in the proposed bill of costs, will be allowed.