This is an appeal by Alma H. Mickle from an amended judgment confirming sale of real estate for division of proceeds therefrom and directing the manner of payment of those proceeds to the parties. We affirm.
Darrol W. Mickle filed this action against his former wife, Alma, seeking sale, for division of proceeds between them, of two jointly owned parcels of real estate. Almost two years before this action was filed a decree of divorce was entered by the same trial court in which this action was filed. That divorce decree resolved questions of child custody and support, as well as divison of personal property, but made no disposition of the jointly owned real property.
On 1 July 1975 after submission on the pleadings, oral testimony and stipulation of *Page 901 
the parties a decree was entered which in part provided that the property be:
 "* * * sold at private sale on the 15th day of July, 1975, according to law. That from the proceeds from said sale, the clerk is ordered to pay to Darrol W. Mickle, $150.00 as expenses for over seeing repairs done on said property and for collecting the rent. Should either the Plaintiff or the Defendant in this cause bid on said property, then he or she shall only be required to pay one-half of the selling price to the clerk of this Court."
Pursuant to that decree a private sale was had at which Darrol Mickle bid five thousand dollars ($5,000) for the parcel known as the Wylam property; Alma Mickle bid nine thousand four hundred twenty-five dollars ($9,425) for that parcel known as the Midfield property. Darrol paid, to the Clerk and Register of the court, twenty-five hundred dollars ($2,500); Alma paid forty-seven hundred twelve and 50/100 ($4,712.50). On 4 September 1975 the trial court entered a Final Decree confirming the report of the sale. In part it read:
 "The said sale is hereby confirmed and the said J.B. Vines, Register, is hereby authorized, empowered and directed to make, execute and deliver a deed of Parcel #1 to Darrol W. Mickle and Parcel #2 to Alma H. Mickle of all of the right, title and interest of each of the parties to this cause in and to said described real estate situated in Jefferson County, Alabama.
 "2. The Clerk is hereby directed to pay ONE HUNDRED FIFTY NO/100 ($150.00) DOLLARS to Darrol W. Mickle and FOURTEEN HUNDRED FORTY TWO 50/100 [DOLLARS] to Clifford W. Hardy, Jr., as attorney fee. After the payment of all court costs, then the balance is to be divided equally and a check is to be made out for one-half of the remainder to Darrol W. Mickle and one-half to Alma H. Mickle."
On 12 November 1975, the trial court on its own initiative entered an Amended Final Decree. It altered the amount of payment to be made to each of the parties. In pertinent part it stated:
 "2. The Clerk is directed to pay Two Thousand, Five Hundred No/100 ($2,500.00) Dollars to Alma M. Mickle, less One Hundred Fifty No/100 ($150.00) Dollars to Darrol W. Mickle, less Nine Hundred Thirty-seven 63/100 ($937.63) Dollars attorney fees to be paid Clifford W. Hardy, Jr., less 1/2 of the court costs.
 "3. The Clerk is directed to pay Four Thousand, Seven Hundred Twelve 50/100 ($4,712.50) Dollars to Darrol W. Mickle, less Five Hundred Four 87/100 ($504.87) Dollars attorney fees to be paid Clifford W. Hardy, Jr., less 1/2 court costs."
 Issue
After expiration of thirty (30) days from 4 September 1975 did the trial court have jurisdiction to amend, alter or vacate the judgment of that date on its own initiative?
The determination of this issue depends upon whether the quoted provisions of the 4 September 1975 Final Decree can properly be deemed a clerical mistake. If it may be viewed as such, then, the trial court was acting within its powers to enter the 12 November 1975 Amended Final Decree.
Rule 60 (a), ARCP provides in part:
 "(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein from oversight or omission may be corrected by the court at any time of its initiative or on the motion of any party and after such notice, if any, as the court orders * * *" *Page 902 
It is clear that trial courts have the necessary power to correct clerical mistakes in judgments so that such judgments say what the record discloses was intended to be said. Rule 60 (a), ARCP; Alabama Power Co. v. Cleckler, 295 Ala. 73,323 So.2d 344. To the ends of justice, some discretion must be allowed the courts in this regard. Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393.
It is evident from the record that the intent of the parties and of the trial court was to effect an equitable division of the proceeds of sale of the property. To that end the trial court attempted to allow a credit on the bid of each party of that party's undivided one-half interest in the property for which he or she bid. However, in the original Final Decree it was provided that after certain deductions the net cash that had been paid in to court was to be divided equally between the parties. That resulted in a miscalculation of the effect of the undivided one-half interests of the parties as those interests related to the different values of the two parcels of property. Clearly that was a clerical mistake. The inequity which resulted is reflected in the difference in value of the properties — $4,425.
The Amended Final Decree is a correction of a clerical mistake. In re Estate of Martin Heller, 33 Misc.2d 798,226 N.Y.S.2d 260. It effected the equitable division of the proceeds, which the record discloses was intended, to within five tenthousandths of a mathematical certainty. Had the correction not been made Alma Mickle would have taken property of the value of $9,425; Darrol that of the value of $5,000, while each would share the net cash equally. Appellant makes no contention on this appeal that she is equitably entitled to such a disproportionate share of the proceeds of sale. She rests her claim to same entirely on the basis that the trial court had no power to amend the decree on its own initiative.
The record shows that the trial court erred in its initial final decree; the error was one of calculation; a clerical mistake as contemplated by Rule 60 (a), ARCP, therefore the judgment is due to be and is hereby affirmed.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.