On September 11, 1995, the Lawrence County Circuit Court adjudged Bobby Faye Naylor to be permanently and totally disabled as the result of an on-the-job injury, and awarded her workers' compensation benefits. That judgment was appealed and was affirmed by this court. On October 22, 1996, in response to Naylor's petition, the trial court determined that a clerical error had been made involving the amount of weekly future benefits awarded in its September 11, 1995, order and ordered the employer, Bergen-Patterson, Inc., to pay a corrected weekly benefit.[1] The trial court also ordered Bergen-Patterson to pay the accrued interest on the accrued difference between the original amount of the judgment ordered in September 1995, and the amended amount ordered in its October 1996, amended judgment.
In computing the benefits awarded in its original judgment of September 11, 1995, the trial court found that Naylor had an average weekly wage of $313.20, which computed to $209.47 in weekly benefits. The trial court further found that Naylor had a life expectancy of 27.82 years, or 1,446.64 weeks, based on age and the standard mortality table. Using these figures and the standard annual discount rate of 6%, the trial court found that the present value of payments due Naylor was 704.7762 x $209.45 or $147,615.37. Continuing, the trial court stated:
 "The amount of $22,142.31 awarded to the attorney of the Plaintiff as attorney's fees from future benefits due the Plaintiff reduces the present value of the Plaintiff's 'life expectancy award' to a present value of $125,473.06. Further, using the 6% annual discount rate, the amount of weekly benefits the employee is thus entitled to during the period of her life expectancy of 1,446.64 weeks is $86.73 per week."
Bergen-Patterson claims that the trial court did not have jurisdiction to amend its *Page 828 
judgment of September 11, 1995. While it concedes that Rule 60(a), Ala.R.Civ.P., allows the trial court to correct clerical errors, it contends that the error was not clerical. Bergen-Patterson argues that it was an error involving a legal decision or judgment and, therefore, was not subject to amendment.
This court has stated:
 "Rule 60(a) allows a correction of clerical errors, or error arising from oversight, in a judgment or order and may include errors by the court itself. Continental Oil Co. v. Williams, 370 So.2d 953 (Ala. 1979). The trial court has wide discretion in making a determination to grant or deny such a motion, and its determination will not be reversed by this court absent a clear abuse of discretion. Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985)."
Antepenko v. Antepenko, 584 So.2d 836, 838
(Ala.Civ.App. 1991).
Our Supreme Court provided guidance on calculating lump-sum payments of unaccrued benefits in Ex parte St. Regis Corp.,535 So.2d 160 (Ala. 1988). In that case, it was established that a payment stream is created by viewing the weekly benefit amount in relation to the employee's life expectancy in weeks. The statutory annual discount rate of 6% is applied to the employee's life expectancy to calculate the present value of this payment stream. The compensation awarded is either a lump sum payment of the present value of the payment stream or an annuity of the weekly benefit amount for the rest of the employee's life. The compensation awarded is not the employee's weekly benefit multiplied by the employee's life expectancy. If the trial court decides to award a lump sum attorney fee, the present value of the fee is deducted from the present value of the payment stream. Id., at 162.
The initial error in the instant case occurred on September 11, 1995, when the trial court computed the weekly benefits due Naylor after it deducted the attorney fee from the present value of the payment stream. Recalculating the pertinent figures, we find it apparent that the trial court divided $125,473.06 (the present value of the payment stream, $147,615.37, minus the attorney fee, $22,142.31), by Naylor's life expectancy of 1446.64 weeks to arrive at a weekly rate of $86.73. In so doing, the trial court failed to discount Naylor's life expectancy by the 6% annual discount rate. The proper computation was to reduce Naylor's life expectancy of 1446.64 weeks by 6%. This results in a computation of $125,473.06 divided by 704.7762 weeks (not 1446.64 weeks) which equals a weekly rate of $178.03. The error made by the trial court was a clerical error. The trial court stated in its order that it was using the 6% annual discount rate to compute Naylor's weekly benefits after deduction of the attorney fee. The trial court stated the proper computation as prescribed by Ex parte St. Regis Corp., but failed to discount Naylor's life expectancy by the 6% annual discount rate. The intent of the trial court is clear. When the intent of the trial court is clear, Rule 60(a), Ala.R.Civ.P., gives the trial court the necessary power to correct clerical mistakes in a judgment so that the judgment reflects what was intended to be done. Mickle v. Mickle, 334 So.2d 900, 902
(Ala. 1976). An error in calculation is a clerical mistake as contemplated by Rule 60(a), Ala.R.Civ.P. Id.
Our finding that the error by the trial court was a clerical mistake is further supported by the fact that the trial court had previously used Naylor's discounted life expectancy to calculate the present value of the payment stream prior to deducting an attorney fee. The trial court obviously recognized the proper approach for computing lump-sum benefits as prescribed by Ex parte St. Regis Corp. The fact that the trial court properly applied the process in computing the present value of Naylor's payment stream reinforces the conclusion that the court's misapplication of the process in computing benefits after deducting an attorney fee was a clerical error.
Bergen-Patterson claims that it was an abuse of discretion for the trial court to order payment of interest on the amended award as if the amended award had been entered on the original judgment.
There was no error by the trial court in ordering Bergen-Patterson to pay *Page 829 
interest on the amended order.[2] The Committee Comments to Rule 60(a), Ala.R.Civ.P., citing West Virginia Oil Gas Co. v.George E. Breece Lumber Co., 213 F.2d 702 (5th Cir. 1954), explain that a "Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced." The effect of a Rule 60(a) amendment is a correction of the original judgment to reflect the original intention of the trial court. There was no change in the actual judgment. The amendment relates back to the original judgment and becomes a part of it. Michael v. Michael, 454 So.2d 1035, 1037
(Ala.Civ.App. 1984).
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
[1] Both parties acknowledge in brief that this corrected weekly benefit entered by the trial court in its amended order was also in error. This second error was not raised in the trial court. Therefore, we do not address it.
[2] As noted earlier, the trial court erred again when it recomputed the weekly benefit in its amended order. Therefore, the amount of interest due to be paid by Bergen-Patterson was incorrect.