Jimmie L. Pittman (the mother), filed a petition for child-support modification, requesting various relief, including an order requiring Paul Otis Pittman (the father) to pay the college expenses of the parties' minor children. After a hearing, the trial court issued an order requiring the father to pay his pro rata share of the son's college expenses. The mother filed a motion to amend the order, and the father filed a motion for a new trial, or, in the alternative, to alter, amend, or vacate the order. The trial court issued an order addressing certain issues raised in postjudgment motions; however the issue involving postminority support for college expenses was not addressed in a postjudgment order. The mother appeals.
The evidence in the record indicates the following. The oldest child (the son) was enrolled in his first quarter at Auburn University. At the time of the hearing, the mother had incurred $3,489.53 in actual costs for sending the son to college. The record contains an itemized list of expenses. The mother also prepared a proposed budget based on monthly figures for the son's college expenses, which was admitted into evidence. The father introduced no evidence regarding the son's college expenses and testified that he had done no research into determining the cost of the son's education. The trial court adopted the figures submitted by the mother and held as follows:
 "The evidence regarding the quarterly expenses for Timothy's education in the amount of $1,550 per quarter are well documented and should be shared in a reasonable percentage by each party. The Court finds that the total earnings of the parties reflect that the father's percentage thereof is 53.6%, and that the mother's percentage is 46.4%."
The father's pro rata share of future college expenses, based on the trial court's judgment, was to be $821.50 per quarter. In fact, his pro rata share should have been $821.50 per month.
The mother contends that the trial court's order to pay the pro rata share quarterly instead of monthly appears to be a clerical error that the trial court did not correct through a subsequent amended order. The evidence in the record shows that the breakdown of expenses adopted by the court was per month, rather than per quarter.
Our Supreme Court in Mickle v. Mickle, 334 So.2d 900
(Ala. 1976), held that "trial courts have the power to correct clerical mistakes in judgments so that said judgments reflect the intent of the record." The Mickle court also quoted Rule 60(a), Ala.R.Civ.P., which reads as follows:
 "(A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . . "
See Mickle, at 901.
It appears that the trial court inadvertently used the term "quarterly" instead of "monthly" in ordering the father to pay his pro rata share of expenses. Therefore, we remand the cause to the trial court for that court to clarify whether it intended to use the term "monthly" rather than "quarterly" with respect to the father's pro rata share of college expenses. The trial court is directed to make return of such clarification to this court within 21 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.