On January 4, 1983 the parties to this proceeding were divorced by a decree of the Circuit Court of Colbert County. By agreement wife was awarded custody of the parties' two minor children, child support of $400 per week, and the exclusive possession of the parties' homeplace until such time as she remarried or the youngest child reached age nineteen. In such event the house was to be sold and the proceeds divided equally between the parties. The husband was required to make the house payments and was required to pay the taxes on the house, which were due on October 1, 1982. Wife was directed to pay the taxes thereafter and to maintain insurance on the house. The court also retained jurisdiction over all property of the parties for twelve months to assure that wife received the child support payments.
Subsequently, wife filed a motion for garnishment alleging husband had fallen behind in the payment of child support, taxes, and house payments. Husband petitioned to modify the decree and to reduce his child support payments.
After an ore tenus hearing the trial court entered an order on March 29, 1983 reducing the amount of child support required to be paid by husband from $400 per week to $250 per month. The court also ordered the parties' home to be sold and the proceeds to be equally divided between them.
On April 7, 1983 wife filed a motion to revise the March 29 decree. She alleged that a clerical error had been made in that the court fixed the child support payments at $250 per month rather than $250 per week, as had been intended. Rule 60 (a), Alabama Rules of Civil Procedure.
A hearing was held and on August 5, 1983 the court entered an order revising and modifying the March 29 judgment to read "$250 per week" child support instead of "$250 per month as child support." The court also rendered a judgment in favor of wife and against husband in the amount of $1,200 for back child support for one child. The other child had been living with the father.
On August 18, 1983 husband filed a motion for rehearing. Wife responded by filing a petition for ascertainment of judgment, contempt, and execution. The court heard the matter and on September 7, 1983 entered an order finding husband in contempt for failing to pay child support and finding that the arrearage amounted to $5,000. The court divested husband of all his interest in the marital homeplace, and held that he be incarcerated for his contempt. Husband could purge himself of the contempt by paying the $5,000 arrearage and the prior $1,200 judgment. The court also ordered husband to pay child support of $400 per month to wife for the child in her custody. After the denial of *Page 1037 
his posttrial motions, husband appealed to this court.
Husband says first that the trial court erred in revising the March 29, 1983 decree to read $250 per week rather than $250 per month as had been ordered, and in finding that he owed $5,000 in back child support due to the retroactive revision of the March 29, 1983 decree.
 "It is clear that trial courts have the necessary power to correct clerical mistakes in judgments so that such judgments say what the record discloses was intended to be said. Rule 60 (a), ARCP; Alabama Power Co. v. Cleckler, 295 Ala. 73, 323 So.2d 344. To the ends of justice, some discretion must be allowed the courts in this regard. Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393."
Mickle v. Mickle, 334 So.2d 900 (Ala. 1976). The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment; for example, errors by the clerk, jury foreman, counsel, a party, or the judge.Continental Oil Co. v. Williams, 370 So.2d 953 (Ala. 1979);Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961).
It is important to note that the object of a judgment nunc pro tunc or motion under rule 60 (a) is to make the judgment or record speak the truth. Ward v. Ullery, 442 So.2d 99
(Ala.Civ.App. 1983). It cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced. Tombrello Coal Co. v. Fortenberry,248 Ala. 640, 29 So.2d 125 (1947); 11 C. Wright A. Miller,Federal Practice and Procedure § 2854 (1973). Thus, if the mistake involves an exercise of judicial discretion or judgment, any correction is beyond the purview of rule 60 (a) and should be properly effected under rule 59 (e) or rule 60 (b). Continental Oil Co. v. Williams, supra.
Here, the court has stated in its order of August 5 that the March 29 decree should read "$250 per week" and not "$250 per month as child support." We are convinced that the trial court intended that the modification order of March 29, 1983 be $250 per week rather than $250 per month, because the January 4, 1983 decree ordered the husband to pay $400 per week for two children, whereas at the time of the modification order there was only one child living with the wife. But for the transcription error, the $250 per week order would have been in effect since March 29, 1983.
We find that the August 5, 1983 revision of the March 29, 1983 decree is to place in effect that which was intended to apply on March 29, 1983 and that such correction relates back to the March 29, 1983 decree and becomes a part of it. As a result the corrected March 29, 1983 decree is as effectual as if the error or mistake had never been made. See Faddis v.Woodward Iron Co., 276 Ala. 283, 161 So.2d 486 (Ala. 1964); 49 C.J.S. Judgments § 263 (1947). Thus, husband was obligated to pay child support of $250 per week from the date of the original reduction, March 29, and the court did not err in assessing the arrearage against husband at $5,000.
Husband has attempted to construe wife's motion to revise the March 29 decree as a rule 59 (e) motion and cites rule 59.1 for the proposition that the motion was overruled by operation of law on July 7, 1983, ninety days after it was filed. Husband's attempt is misguided, as wife's motion fell within the purview of 60 (a) and not 59 (e). Under 60 (a) a correction of a clerical error may be made by the court at any time and of its own initiative or on the motion of a party.
Husband also argues that the March 29 decree ordering a sale of the home and a division of the proceeds constituted a final disposition of the parties' interests in the property and that the court had no authority to subsequently divest him of his interest.
We acknowledge that in contrast to awards of custody, child support, and periodic alimony, the property settlement *Page 1038 
provisions of a divorce decree become final and cannot be modified after thirty days from the date of the decree.Roberson v. Roberson, 370 So.2d 1008 (Ala.Civ.App.), writdenied, 370 So.2d 1012 (Ala. 1979); McEntire v. McEntire,345 So.2d 316 (Ala.Civ.App. 1977). However, where the original order as to the present and future use and disposition of the marital home was not a final division of it, but a continuation of ownership subject to conditions imposed on the parties, and no division was due until after the happening of stated events, the refusal or inability of a husband to meet his obligation to pay child support is cause for modification and it is permissible for the court to grant a wife her husband's interest in the property to satisfy past-due child support.Stutts v. Stutts, 418 So.2d 113 (Ala.Civ.App. 1981). Modification and vesting of title become necessary in order to provide a home and support for the wife and the children in her custody. See Haney v. Haney, 50 Ala. App. 79, 277 So.2d 356
(Ala.Civ.App. 1973). We also note that the trial court expressly retained jurisdiction over the property for a period of twelve months from the date of divorce, or until January 4, 1984.
In view of the foregoing the judgment of the trial court is affirmed.
Wife is awarded an attorney's fee on appeal of $350.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.