679 So.2d 1066 (1995)
Julie W. McGIBONEY
v.
Benjamin H. McGIBONEY.
No. 2940483.
Court of Civil Appeals of Alabama.
December 1, 1995.
Rehearing Denied January 5, 1996.
Certiorari Quashed July 12, 1996.
*1067 Julie W. McGiboney, pro se.
James T. Baxter III of Berry, Ables, Tatum, Baxter, Parker & Hall, P.C., Huntsville, for appellee.
Alabama Supreme Court 1950635.
L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in February 1994. The judgment of divorce provided the following pertinent provision:
"In accordance with Ala.Code, § 30-2-51 (1975), and Vaughn v. Vaughn, [634 So.2d 533 (Ala.1993)], the Husband shall pay to the Wife, as alimony in gross, a sum representing forty percent (40%) of the present value of his `Liberty National Profit Sharing and Retirement Plan,' and his `Liberty National Pension Plan,' both of which were accumulated during the marriage and, therefore, constitute marital property, subject to equitable division as such."
The trial court further found, "[o]n the date of trial, the value of those two accounts was $21,387.39 and $33,878.59, respectively, or a gross value of $55,265.98the Wife's share of which would be $22,106.39."
In March 1994 the husband filed a post-judgment motion, requesting, among other things, that the trial court reconsider the award of alimony in gross to the wife. The motion was deemed denied by operation of law.
In August 1994 the wife filed a motion for garnishment, alleging that the husband had failed to satisfy certain provisions of the final judgment, including the award of alimony in gross. The husband filed a motion to stay garnishment, stating that he was "in the process of arranging for his employer to transfer funds from his retirement accounts to an Individual Retirement Account in the *1068 name of the [wife] so as to avoid any tax loss or payment of penalty." In September 1994 the trial court entered an order staying the garnishment proceedings.
In October 1994 the husband filed a "motion to amend final judgment." He requested that the trial court amend the final judgment to provide for a Qualified Domestic Relations Order (QDRO), as provided for in I.R.C. § 414 (1989), so that the alimony in gross could be transferred to the wife from the proceeds of the retirement plans at a future date. On December 6, 1994, the husband filed an "Amended Motion to Amend Final Judgment, Nunc Pro Tunc." He suggested that as a result of a clerical error, the trial court failed to provide for a QDRO.
In January 1995 the trial court entered an order nunc pro tunc, providing for a QDRO. Under the new order the wife would not be entitled to her share of the retirement plans until the husband reached retirement age, or at least 50 years of age. Furthermore, she would not receive a lump sum of the pension plan, but rather a portion of the monthly proceeds.
The wife appeals and asserts that the trial court erred in modifying the terms of the alimony in gross provision of the final judgment of divorce after all appellate time periods had lapsed. The husband argues that the trial court correctly entered the nunc pro tunc order "to make the record speak the truth and to correct errors arising from oversight or omission."
Property settlement provisions of a final judgment of divorce become final and cannot be modified after thirty days from the date of the judgment. Michael v. Michael, 454 So.2d 1035 (Ala.Civ.App.1984). Rule 60(a), Ala.R.Civ.P., allows a trial court to correct an order "on its own initiative or on the motion of any party." The object of a Rule 60(a) motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Michael. Under Rule 60(a) a correction may be made by the trial court at any time. Michael.
The trial court's authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. Merchant v. Merchant, 599 So.2d 1198 (Ala.Civ.App.1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. Michael. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b). Michael.
The original judgment awarded the wife a sum certain in alimony in gross, to be paid immediately. The judgment nunc pro tunc introduces a number of variables into that equation. There is no certainty as to when the wife will be paid the alimony in gross or how much she will eventually be paid.
We find that the change made by the trial court was of such a substantial nature that Rule 60(a) would not apply. The change sought by the husband would have to have been effected by a motion to alter the judgment under Rule 59(e) or by a Rule 60(b) motion. Since the husband's motion was filed more than 30 days after the judgment, relief could not have been granted under Rule 59(e). Mayer v. Mayer, 491 So.2d 249 (Ala.Civ.App.1986). The husband makes no contention that his motion was proper under Rule 60(b).
We find that the trial court erred in entering the judgment nunc pro tunc. Its judgment is reversed and the cause remanded for the trial court to reinstate the alimony in gross awarded in the original judgment of divorce.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs specially.
*1069 THIGPEN, Judge, concurring specially.
I write simply to point out that an award of alimony in gross may be paid from any funds owned by the husband at the time of the divorce. Therefore, in the instant case, the husband is not required to withdraw from his retirement account the amount of the alimony in gross award. See Nelson v. Nelson, 628 So.2d 798 (Ala.Civ.App.1993).