BRYAN, Judge.
Keith Clyde Hallmark (“the former husband”) appeals a judgment that awarded Barbara Prater Hallmark (“the former wife”) $12,372.69, plus statutory post-judgment interest, in lieu of an award to the former wife of one-half of the funds in the former husband’s Teachers’ Retirement System (“TRS”) account, as provided *29 in the parties’ divorce judgment. We reverse and remand.
The parties were divorced on June 24, 1998. The divorce judgment stated that it incorporated a May 19, 1998, settlement agreement between the parties. The record on appeal does not contain a copy of the parties’ settlement agreement. However, the divorce judgment, in pertinent part, stated:
“6. [The former wife] shall receive and is hereby awarded fifty (50) percent of all amounts and/or shares in [the former husband’s TRS account].... The date for calculation of the percentage hereby awarded to the [former] wife is the date of this agreement, May 19,1998, and the funds or shares, hereby awarded to the [former] wife, shall be transferred to her account in accordance with the provisions of the Qualified Domestic Relations Order entered this day, and adopted herein by reference as if fully set out herein.”
(Supp. R. 17.)
On September 5, 2002, the former wife petitioned the trial court to modify the divorce judgment. In her petition, she alleged, among other things, that the former husband had not paid her the funds in his TRS account the trial court had awarded to her in the original divorce judgment, and she sought assistance from the trial court in collecting that award. While that petition was still pending, the former wife, on September 12, 2003, filed a motion for relief from the divorce judgment. In that motion, the former wife alleged that she had recently discovered that the funds in the former husband’s TRS account could not be divided and that, therefore, the award of one-half of the funds in the former husband’s TRS account could not be enforced.[1] She sought to be “relieved from” the award of one-half of the funds in the former husband’s TRS account and sought, in lieu of that award, an award of money in an amount equal to one-half of the value of the former husband’s TRS account as of the date of the parties’ settlement agreement.
Subsequently, the parties entered into a stipulation regarding the facts pertinent to the former wife’s request for “relief from” the award of one-half of the funds in the former husband’s TRS account. In pertinent part, that stipulation stated:
“d. A member’s contributions [to a TRS account] are only refundable during a member’s lifetime at the request of the member upon termination of employment and an application for refund. In such an event there would be no partial refunds and all contributions would be refunded. Interest on the contributions under those circumstances would only be refunded if the member had at least three years of service. However, the member would not be entitled to the total interest credited to the account. Upon withdrawal, all service credit established with the TRS would be canceled. For vested members, in such an event, the right to lifetime monthly retirement benefits at age sixty would be forfeited.
“e. Upon a member’s death prior to retirement, his estate or designated beneficiary is entitled to receive all of the contributions plus all interest plus certain additional sums established by statute.”
*30 (Emphasis added.) According to the stipulation, the former husband’s total contribution to his TRS account was $24,745.38 as of May, 19,1998, the date of the parties’ settlement agreement.
On August 31, 2004, the trial court entered an order awarding the former wife $12,372.69, an amount equal to one-half of the funds in the former husband’s TRS account on May 19, 1998, plus statutory interest, in lieu of the award of one-half of the funds in the former husband’s TRS account as provided in the original divorce judgment. The former husband moved the trial court on September 29, 2004, to alter, amend, or vacate its judgment pursuant to Rule 59(e), Ala. R. Civ. P. On October 6, 2004, the former wife moved the trial court, pursuant to Rule 60(a), Ala. R. Civ. P., to amend its judgment to correct a clerical error. The trial court then amended its judgment to correct the clerical error on October 12, 2004. On October 22, 2004, the trial court, acting ex mero motu, again amended its judgment to correct a clerical error. The former husband then filed a notice of appeal on November 23, 2004, appealing the judgment as amended. That appeal was assigned case number 2040193. The former husband’s appeal was held in abeyance until his post-judgment motion was disposed of; that motion was denied by operation of law on December 29, 2004. On January 12, 2005, the former husband filed a second notice of appeal appealing the December 29, 2004, denial of his postjudgment motion. That appeal was assigned case number 2040339. This court has consolidated those two appeals.
On appeal, the former husband argues that the trial court erred because, he says, the trial court’s award to the former wife of $12,372.69, plus interest, in lieu of the award of one-half of the funds in the former husband’s TRS account constituted a modification of the property division contained in the original divorce judgment more than 30 days after the entry of the original divorce judgment. The former wife, on the other hand, argues that the trial court did not modify the original divorce judgment; she argues that the trial court merely clarified the divorce judgment in order to give effect to the parties’ intent in their settlement agreement.
In Fielding v. Fielding, 843 So.2d 766, 770 (Ala.Civ.App.2002), this court stated:
“The property-division provisions of a divorce judgment become final 30 days after the judgment is entered. McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App.1995). After the 30 days has elapsed, the property division is non-modifiable. McGiboney, 679 So.2d at 1068; see also Johnson v. Johnson, 585 So .2d 89, 90 (Ala.Civ.App.1991).”
Although “a trial court has the inherent authority to interpret, implement, or enforce its own judgments,” “[t]he trial court’s authority is not, however, ‘so broad as to allow substantive modification of an otherwise effective and unambiguous final order.’ ” Jardine v. Jardine, 918 So.2d 127, 131 (quoting George v. Sims, 888 So.2d 1224, 1227 (Ala.2004)).
In the case now before us, the divorce judgment clearly states that the trial court awarded the former wife “fifty (50) percent of all amounts and/or shares in [the former husband’s TRS account ].” Therefore, the divorce judgment unambiguously states that the trial court awarded the former wife one-half of the funds in the former husband’s TRS account rather than a judgment for a sum certain. Thus, the order under review awarding the former wife a judgment against the former husband for a sum certain in lieu of the award of one-half of the funds in the former husband’s TRS account constituted a modification of the *31 property division in the original divorce judgment more than 30 days after the entry of the original divorce judgment. See Fielding, supra. Therefore, we reverse the trial court’s judgment and remand the case to the trial court for further proceedings consistent with this opinion. Our resolution of this issue pretermits discussion of the remaining arguments raised by the former husband.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. It is undisputed that § 16-25-23, Ala.Code 1975, precludes the trial court from ordering the husband to liquidate his TRS account. See Sockwell v. Sockwell, 822 So.2d 1219, 1225 (Ala.Civ.App.2001) (per Pittman, J., with four judges concurring in the result) (concluding that § 16-25-23, Ala.Code 1975, precluded the trial court from ordering the former husband in that case to liquidate his TRS account to satisfy a marital debt).