991 So.2d 752 (2008)
Gary Preston SMITH, Sr.
v.
Valorey Sue SMITH.
2061150.
Court of Civil Appeals of Alabama.
April 11, 2008.
Jay M. Ross of Ross, Jordan & Gray, P.C., Mobile, for appellant.
Claude D. Boone, Mobile, for appellee.

*753 On Application for Rehearing

THOMPSON, Presiding Judge.
This court's opinion of February 15, 2008, is withdrawn, and the following substituted therefor.
Gary Preston Smith, Sr. ("the husband"), appeals from the trial court's January 30, 2007, judgment divorcing him from Valorey Sue Smith ("the wife"). The record shows that, on March 1, 2007, the husband filed a timely motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P. That motion was due to be denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., on May 30, 2007.
On May 29, 2007, the parties filed a joint motion under Rule 59.1, requesting the trial court to extend the time for it to rule on the husband's postjudgment motion to June 8, 2007. The trial court granted the extension on May 30, 2007. On June 8, 2007, the parties again filed a joint motion requesting an extension of the time for the trial court to rule on the husband's postjudgment motion. The parties stated that they "agreed to an extension of time for the [trial] court to hold a hearing and rule on the pending motion[] to Alter, Amend or Vacate on or before July 12, 2007." The trial court granted that extension on June 11, 2007. The record shows that the husband's postjudgment motion was heard on July 9, 2007, and the trial court entered an order purporting to deny it on July 30, 2007. The husband filed a notice of appeal on September 8, 2007.
At the very latest, the husband's postjudgment motion was denied by operation of law on July 12, 2007, pursuant to Rule 59.1 and the parties' agreement. The husband had 42 days from that datei.e., until August 23, 2007to appeal. Rule 4(a)(1), Ala. R.App. P. The husband appealed on September 8, 2007, after the time allowed by Rule 4(a)(1). Accordingly, the husband's appeal is untimely. This court must dismiss an untimely appeal. See Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."); Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985)("The timely filing of [a] notice of appeal is a jurisdictional act.").
Based on the foregoing, we issued an opinion dismissing the husband's appeal on February 15, 2008. On February 28, 2008, the husband filed a motion requesting the trial court to "correct the record nunc pro tunc." In that motion, the husband stated, in relevant part:
"1. That the parties, both [the wife] and [the husband] in conjunction with the trial court agreed to continue the hearing on the post judgment motion[] pursuant to Rule 59, [Ala. R. Civ. P.], to a date certain beyond the ninety (90) days to the date of July 30, 2007.
"2. That this was the second setting beyond the ninety (90) day period.
"3. That through inadvertence and/or clerical error, the agreement of the parties to the date certain along with the trial court's agreement to the date are not reflected in the docket sheet entries nor otherwise reflected in the record.
"4. That this error is not the fault of either party and the ends of justice require that this correction take place.
"5. That counsel for the [wife] agrees that this was the agreement of the parties and the court at the time the hearing was reset."
The trial court granted the motion on February 28, 2008, and purported to correct the record, nunc pro tunc, to show that, by agreement of the parties, the hearing on the husband's postjudgment motion was reset to July 30, 2007. The *754 husband then supplemented the record on appeal and filed an application for rehearing requesting that we find his appeal timely, based on the trial court's February 28, 2008, order.
"The trial court's authority to enter a Rule 60(a)[, Ala. R. Civ. P.,] order or a judgment nunc pro tunc is not unbridled. Merchant v. Merchant, 599 So.2d 1198 (Ala.Civ.App.1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. Michael [v. Michael, 454 So.2d 1035 (Ala. Civ.App.1984)]."
McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App.1995).
"It is important to note that the object of a judgment nunc pro tunc or motion under rule 60(a)[, Ala. R. Civ. P.,] is to make the judgment or record speak the truth. Ward v. Ullery, 442 So.2d 99 (Ala.Civ.App.1983). It cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced. Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854 (1973)."
Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984).
Rule 59.1, Ala. R. Civ. P., requires that an agreement to extend the trial court's time to rule on a postjudgment motion be express and appear of record. The original record on appeal shows that the parties agreed, in writing and with the trial court's approval, to extend the time for the trial court to hear and rule on the husband's postjudgment motion to July 12, 2007. The February 28, 2008, order substantively changes that agreement to reflect an entirely different datei.e., July 30, 2007. The February 28, 2008, order thus impermissibly modified the record to say something other than what was originally pronounced. Accordingly, we overrule the husband's application for rehearing and again dismiss the appeal.
OPINION OF FEBRUARY 15, 2008, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; APPEAL DISMISSED.
BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur in the main opinion. Had the parties' June 8, 2007, motion sought an open-ended extension of time for the trial court to rule on the husband's postjudgment motion, rather than merely an extension to a date certain (i.e., July 12, 2007), the trial court would have had the discretion to grant such a motion for good cause. See Crowder v. Zoning Bd. of Adjustment of Birmingham, 409 So.2d 837, 838 (Ala.Civ.App.1981). However, because the parties sought and were granted more limited relief from the operation of Rule 59.1, Ala. R. Civ. P., the postjudgment motion was denied by operation of law as of July 12, 2007, the date specified in the motion for an extension, because the trial court did not expressly rule on the husband's postjudgment motion on or before that date.