PER CURIAM.
 

 Steven Barnes and Helene Barnes appeal from the judgments of the Dale Circuit Court entered in favor of HMB, LLC, d/b/a Stow-A-Way Storage (“HMB”), and Gene L. Hughes. For the reasons stated herein, we dismiss the appeal.
 

 In March 2006, the Barneses sued HMB and Hughes. They alleged that in 2002 Steven had entered into a rental agreement with HMB pursuant to which Steven had rented a storage unit from HMB in which to store his and Helene’s personal property. They alleged that in 2004, despite the fact that Steven was current in making rental payments under the agreement, HMB and Hughes, without notice to the Barneses, sold the Barneses’ personal property that had been stored in the storage unit. The Barneses’ complaint asserted claims of conversion, intentional infliction of emotional distress, breach of contract, and breach of implied warranty.
 

 In September 2007, HMB and Hughes filed a motion for a summary judgment as to Helene and a motion to dismiss Hughes as a defendant. As to the summary-judgment motion, HMB and Hughes argued that, in three previous criminal cases that had been pending against her, Helene had filed affidavits of substantial hardship in which she had sworn that she did not own any property other than a 1994 model Ford Thunderbird automobile. They argued that, because of her representations in the affidavits of substantial hardship, she was precluded, under the doctrine of judicial estoppel, from asserting her ownership of the personal property that had been contained in the storage unit. As to the motion to dismiss, Hughes argued that HMB was a limited-liability company and that Hughes, as a member of HMB, could be liable only for his own actions or conduct and not for the actions or conduct of HMB. He argued that there could be no valid basis on which to hold him liable in his individual capacity. The trial court entered a summary judgment in favor of both defendants as to Helene’s claims and granted Hughes’s motion to dismiss him as a defendant from the case, leaving only Steven’s claims against HMB to be adjudicated.
 

 In July 2008, HMB filed a motion for a summary judgment as to Steven’s claims against HMB. HMB argued that, like Helene, Steven had submitted, in a criminal case pending against him, an affidavit of substantial hardship in which he had sworn that he owned no personal property other than a pickup truck and a boat. Thus, HMB argued, Steven was judicially estopped from asserting his ownership of the personal property that was contained in the storage unit. On August 18, 2008, the trial court expressly granted HMB’s motion and entered a summary judgment in HMB’s favor. The trial court’s judgment read:
 

 “Defendant’s motion for summary judgment is granted as to
 
 defendant
 
 [sic], Steven Barnes.
 
 See, ORDER of November lb, 2007, granting defendant’s motion for summary judgment [as] to co-plaintiff, Helene Barnes.
 

 “Court costs are taxed as paid.”
 

 (Emphasis added.) On the following day, the trial court, apparently recognizing that it had mistakenly identified Steven as a “defendant” in the litigation, corrected the judgment to read:
 

 “Defendant’s motion for summary judgment is granted as to
 
 Plaintiff,
 
 Steven Barnes. See, ORDER of November
 
 *462
 
 14, 2007, granting defendant’s motion for summary judgment as to co-plaintiff, Helene Barnes.
 

 “Court costs are taxed as paid.”
 

 (Emphasis added.)
 

 On September 30, 2008, 43 days after the entry of the August 18, 2008, final judgment, and 42 days after the entry of the August 19, 2008, correction, the Barneses filed a notice of appeal. The Alabama Supreme Court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Before we may properly reach the Barneses’ substantive contentions, we must first consider the question of appellate jurisdiction. Although no party has questioned this court’s jurisdiction, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’
 
 ”
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 

 Rule 4(a)(1), Ala. R.App. P., provides, with limited exceptions that are not pertinent in this case, that a party wishing to appeal must file a notice of appeal within 42 days of the date of the entry of the judgment. “The timely filing of a notice of appeal is a jurisdictional act.”
 
 Marsh v. Marsh,
 
 852 So.2d 161, 163 (Ala.Civ.App.2002).
 

 Rule 60(a), Ala. R. Civ. P., provides, in pertinent part, that “[cjlerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.” This court has noted that “the substantive effect of a Rule 60(a) order ‘is a correction of the original judgment to reflect the original intention of the trial court.’ ”
 
 Luker v. Carrell,
 
 25 So.3d 1148, 1152 (Ala.Civ.App.2006) (quoting
 
 Bergen-Patterson, Inc. v. Naylor,
 
 701 So.2d 826, 829 (Ala.Civ.App.1997)),
 
 rev’d on other grounds, Ex parte Luker,
 
 25 So.3d 1152 (Ala.2007). A change to a judgment to correct a clerical error relates back to the date of the entry of the final judgment.
 
 See id.
 
 Unlike when a judgment “correction” actually amounts to an amendment of a judgment that changes a prevailing party,
 
 [1]
 
 a correction to a final judgment pursuant to Rule 60(a) “has no bearing on the timeliness of an appeal from the original uncorrected judgment.”
 
 See J.S. v. S.W.,
 
 702 So.2d 169, 171 (Ala.Civ.App.1997).
 

 As previously noted, the trial court entered a final judgment on August 18, 2008. On the following day, it changed a single word of its judgment to indicate that Steven Barnes was actually a “plaintiff’ rather than a “defendant.” We conclude that the trial court’s change to its final judgment was nothing more than a correction of a clerical mistake under Rule 60(a), and, as a result, the correction had no effect on the time for filing a notice of appeal from the August 18, 2008, final judgment.
 
 See Oliver v. Townsend,
 
 534 So.2d 1038, 1047 (Ala.1988) (holding that the correction of the manner in which a party is denominated in a final judgment is “exactly the sort of clerical mistake that Rule 60(a) was intended to provide a remedy for”). As a result, the 42-day period in which the Barneses were required to have filed a
 
 *463
 
 notice of appeal expired on September 29, 2008, the day before they filed their notice of appeal. Thus, this court is left with no alternative but to dismiss their appeal.
 
 See
 
 Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
 

 APPEAL DISMISSED.
 

 All the judges concur.
 

 [1]
 

 .
 
 Brown v. Brown,
 
 988 So.2d 1053, 1057-58 (Ala.Civ.App.2008), is distinguishable because tine judgment under review in this case was, on its face, adverse to Steven; the only pending summary-judgment motion at the time of the entry of the August 18, 2008, judgment was the one filed by HMB seeking a judgment against Steven.