THOMPSON, Presiding Judge.
Meloney T. Hargrove (“the wife”) appeals from the judgment of the Jefferson Circuit Court divorcing her from Marquis D. Hargrove (“the husband”). For the reasons stated herein, we dismiss the appeal.
On January 14, 2009, the husband filed an action against the wife seeking a divorce and a division of the marital estate and the marital debts. The wife filed an answer and a counterclaim for a divorce. The trial court held a trial of the action on February 12, 2010. Although there is not a transcript of the trial testimony, both parties state in their appellate filings that the trial court received ore tenus testimony at the trial.
On March 5, 2010, the trial court entered a final judgment divorcing the parties, dividing their personal property, and awarding the husband $10,000 as a property settlement from a $50,000 “disability payment” received by the wife.
The wife filed what she entitled a “motion to reconsider” on March 15, 2010, which, in substance, was a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P., and which this court treats as such. See Curry v. Curry, 962 So.2d 261, 263-64 (Ala.Civ.App. 2007). On May 13, 2010, following a hearing, the trial court entered an order denying the wife’s motion to alter, amend, or vacate the judgment. On May 19, 2010, the trial court entered an amended order that, except for slight changes in punctuation, reads the same as the May 13, 2010, order.
On June 25, 2010, 43 days after the entry of the May 13, 2010, order denying the wife’s postjudgment motion, the wife filed a notice of appeal to this court. On appeal, she contends that the trial court erred when it awarded the husband *952 $10,000 as a property settlement out of the wife’s disability funds and in failing to award the wife alimony. We do not reach the merits of the wife’s contentions because we conclude that this court is without appellate jurisdiction in this matter.
In Brown v. Brown, 808 So.2d 40, 41-42 (Ala.Civ.App.2001), this court wrote:
“Subject to certain exceptions that are not applicable here, Rule 4(a)(1), Ala. R.App. P., requires that the notice of appeal be filed within 42 days of the entry of the challenged judgment. Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion made pursuant to Rule 59 may toll the running of the time for filing a notice of appeal until (1) the motion is ruled upon by the court, or (2) the date the motion has been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. ... ‘ “[T]he timely filing of a notice of appeal is a jurisdictional act.” ’ Allen v. Independent Fire Ins. Co., 743 So.2d 490, 492 (Ala.Civ.App.1999) (quoting Rudd v. Rudd, 467 So.2d 964, 965 (Ala. Civ.App.1985)). Further, ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The failure to appeal within the prescribed time is fatal and requires the dismissal of the appeal. Id.”
In the present case, the trial court disposed of the wife’s postjudgment motion on May 13, 2010. On that day, the parties’ 42-day period in which to file a notice of appeal began to run. The wife did not file her notice of appeal until June 25, 2010, which, as previously noted, was 43 days after the entry of the May 13, 2010, order. As a result, the wife’s notice of appeal was untimely, and this court is without jurisdiction over her appeal.
We note the trial court’s entry of the amended order on May 19, 2010, but we conclude that the entry of that order did not affect the deadline for the filing of an appeal in this case. Once the trial court entered the order denying the wife’s post-judgment motion on May 13, 2010, the trial court lost jurisdiction of the case and was thereafter without authority to enter additional orders that would extend the time for appealing the March 5, 2010, final judgment. See Reaves v. Reaves, 883 So.2d 693, 695 (Ala.Civ.App.2003) (holding that trial court’s order entered after denying a postjudgment motion pursuant to Rule 59 was a nullity “because the trial court no longer had the authority to ‘revisit its own order denying a Rule 59 postjudgment motion’ ” (quoting Paris v. Estate of Williams, 769 So.2d 321, 323 (Ala.Civ.App. 2000))). Thus, to the extent the trial court’s May 19, 2010, order was intended to dispose of the wife’s postjudgment motion or to substantively amend its May 13, 2010, order denying the wife’s post-judgment motion, the May 19, 2010, order was entered without jurisdiction and is a nullity.
We recognize that a trial court is permitted to amend its orders and judgments to correct clerical errors pursuant to Rule 60(a), Ala. R. Civ. P. However, in the present case, even assuming that the purpose of the trial court’s May 19, 2010, order was to correct clerical mistakes in the May 13, 2010, order pursuant to Rule 60(a), the May 19, 2010, order would not have extended the time to appeal from the final judgment because an order entered pursuant to Rule 60(a) relates back to the date of the order or judgment it amends and does not bear on the timeliness of the appeal from the order or judgment. Barnes v. HMB, LLC, 24 So.3d 460, 462 (Ala.Civ.App.2009).
*953 Based on the foregoing, we conclude that the wife filed her notice of appeal late, and, as a result, this court is without jurisdiction to consider her appeal. Thus, her appeal is due to be dismissed.
The husband’s request for an attorney’s fee on appeal is granted in the amount of $1,500. The wife’s request for an attorney’s fee on appeal is denied.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.