DONALDSON, Judge.
*836 K.P. ("the mother") appeals from judgments of the Madison Juvenile Court ("the juvenile court") terminating her parental rights to A.C., H.C., and B.C. The Madison County Department of Human Resources ("DHR") filed a motion to dismiss the mother's appeals as untimely. After initially entering orders terminating the mother's parental rights to the children, the juvenile court entered orders purportedly granting postjudgment motions filed by the mother after those motions had already been denied by operation of law. The juvenile court subsequently entered orders, again purporting to terminate the mother's parental rights to each child, and the mother filed her notices of appeal within 14 days of the entry of those termination orders. However, because the notices of appeal were filed more than 14 days after the postjudgment motions had been denied by operation of law, the mother's notices of appeal were not timely filed, and, therefore, and we dismiss the appeals. See Rule 2(a)(1), Ala. R. App. P.
On December 27, 2016, the juvenile court entered judgments terminating the mother's parental rights to all three children.[1] On January 9, 2017, the mother timely filed motions to alter, amend, or vacate the judgments, and she requested a new hearing ("the postjudgment motions"). See Rule 1(B), Ala. R. Juv. P. (providing that postjudgment motions must be filed within 14 days of the entry of the judgment). The mother also filed in each case an objection and a motion to strike two exhibits (namely, reports containing drug-test results) that were attached to the juvenile court's final judgments. The juvenile court scheduled the mother's postjudgment motions for a hearing to be held on January 23, 2017. On January 26, 2017, more than 14 days after the January 9, 2017, postjudgment motions were filed, the juvenile court rendered and electronically entered an order in each child's case in which it purported to grant the mother's postjudgment motions to the extent that it agreed to allow the parties an additional opportunity to present evidence related to the mother's drug-test results. On February 24, 2017, after an additional hearing, the juvenile court entered judgments purporting to terminate the mother's parental rights in each case. On March 8, 2017, the mother filed a notice of appeal to this court in each case. This court consolidated the appeals.
DHR filed a motion to dismiss the mother's appeals. DHR argues that the mother's January 9, 2017, postjudgment motions were denied by operation of law on January 23, 2017. See Rule 1(B), Ala. R. Juv. P. (providing that "[a] failure by the juvenile court to render an order disposing of any pending postjudgment motion within [14 days], or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period"). DHR argues that the juvenile court's orders of January 26, 2017, were void because, it asserts, the juvenile court lacked jurisdiction to render any orders in any of the cases after January 23, 2017. The mother responds that the juvenile court orally granted her postjudgment motions at a hearing held on January 23, 2017, and that the parties "constructively" agreed to extend *837 the time to allow the juvenile court to rule on those motions. The mother also argues that the juvenile court had the authority to "correct" the date on the orders, pursuant to Rule 60(a), Ala. R. Civ. P., from January 26, 2017, to January 23, 2017, because, she asserts, the dates contained on the orders were clerical errors. On June 15, 2017, while these appeals were pending, the juvenile court, after holding an additional hearing, entered the following order in each child's case:
"Over the objections of [DHR], the Court hereby finds that due to a clerical error an order that was due to be entered on January 23, 2017 was erroneously entered on January 26, 2017. The appropriate date for this order to be entered was January 23, 2017. All records and transcripts from these proceeding[s] including the Clerk's record on appeal shall hereby reflect this corrected date of entry. In addition, this Court finds that the record on appeal shall be supplemented with this correct order."
Thereafter, DHR filed a renewed motion to dismiss in which it asserted that the juvenile court could not use Rule 60(a) to "back-date" orders. The mother filed an amended response to which she attached the juvenile court's orders.
Pursuant to Rule 1(B), Ala. R. Juv. P., a postjudgment motion
"shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended:
"(1) By written order of the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days; or
"(2) Upon the express written consent of all the parties, which consent shall appear of record; or
"(3) By the appellate court to which an appeal of the judgment would lie.
"A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The mother filed her postjudgment motions on January 9, 2017. On January 23, 2017, 14 days later, those motions were deemed denied by operation of law. Rule 1(B). The mother asserts that the juvenile court orally rendered an order ruling on her postjudgment motions at the January 23, 2017, hearing. Alabama Rule of Civil Procedure 58(a), made applicable in the juvenile court by Rule 1(A), Ala. R. Juv. P., defines how an order is rendered:
"A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words 'granted,' 'denied,' 'moot,' or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system."
It is clear that an oral pronouncement of a ruling does not constitute a "rendering" of an order under Rule 58(a), Ala. R. Civ. P. Ex parte Chamblee, 899 So.2d 244, 248 (Ala. 2004). The record is clear that no order on the mother's postjudgment motions was rendered, as defined by Rule 58(a), before the expiration of 14 days.
In P.D. v. S.S., 67 So.3d 128, 135 (Ala. Civ. App. 2011), this court held that, although the juvenile court had orally announced its intention to amend its judgment during a hearing, the juvenile court did not enter a written order within the *838 deadline expressly agreed to by the parties, and, therefore, an order subsequently entered after the expiration of the agreed deadline was void.
Further, the record does not reflect that the time for ruling on the mother's postjudgment motions was effectively extended under Rule 1(B), Ala. R. Juv. P. The record does not contain a written order of the juvenile court extending the time, there is nothing indicating that the parties expressed their written consent to an extension, and this court did not issue an order extending the time. The mother asserts that the parties "constructively" agreed to an extension at the January 23, 2017, hearing. We note that there is no transcript of that hearing; further, the rule requires express, not constructive, consent.
Our supreme court has explained that, "[i]f a [postjudgment] motion is ... denied by operation of law, 'the trial judge then loses jurisdiction to rule on the motion' and is 'without jurisdiction to enter any further order in [the] case after that date.' Ex parte Davidson, 782 So.2d 237, 241 (Ala. 2000). Any order entered after the trial court loses jurisdiction is void." Ex parte Limerick, 66 So.3d 755, 757 (Ala. 2011). Accordingly, the mother's postjudgment motions were deemed denied by operation of law on January 23, 2017, any orders entered by the juvenile court thereafter are void, and the mother was required to file her notices of appeal within 14 days of January 23, 2017.
The mother also argues that the orders entered by the juvenile court on June 15, 2017, corrected the "clerical error" and retroactively made the juvenile court's orders granting the mother's postjudgment motions timely rendered. We first note that "an order entered pursuant to Rule 60(a) relates back to the date of the order or judgment it amends and does not bear on the timeliness of the appeal from the order or judgment." Hargrove v. Hargrove, 65 So.3d 950, 952 (Ala. Civ. App. 2010) (citing Barnes v. HMB, LLC, 24 So.3d 460, 462 (Ala. Civ. App. 2009) ).
Furthermore, although the juvenile court entered orders on June 15, 2017, purporting to correct a "clerical error" and ordered the record to reflect the date of January 23, 2017, rather than January 26, 2017, as the date the orders granting the postjudgment motions were rendered, such action is not authorized by Rule 60(a).
"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court."
Rule 60(a).
" 'The trial court's authority to enter a Rule 60(a) [, Ala. R. Civ. P.,] order or a judgment nunc pro tunc is not unbridled. Merchant v. Merchant, 599 So.2d 1198 (Ala. Civ. App. 1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. Michael [v. Michael, 454 So.2d 1035 (Ala. Civ. App. 1984) ].'
" McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala. Civ. App. 1995).
" 'It is important to note that the object of a judgment nunc pro tunc or motion under rule 60(a) [, Ala. R. Civ. P.,] is to make the judgment or record speak the truth. Ward v. Ullery, 442 So.2d 99 (Ala. Civ. App. 1983). It cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced.
*839 Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947) ; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854 (1973).'
" Michael v. Michael, 454 So.2d 1035, 1037 (Ala. Civ. App. 1984)."
Smith v. Smith, 991 So.2d 752, 754 (Ala. Civ. App. 2008).
In Smith, this court held invalid an order entered by the trial court that purported to correct the record nunc pro tunc to reflect the parties' and the trial court's agreement to extend the time for the trial court to rule on the husband's postjudgment motion. That order, however, which changed the extension date on which the parties had agreed, "substantively change[d]" the order and "impermissibly modified the record to say something other than what was originally pronounced." Id.
Similarly, here, the record conclusively establishes that the juvenile court's orders purporting to grant the mother's postjudgment motions were manually dated and signed by hand, and thus rendered pursuant to Rule 58(a)(1), Ala. R. Civ. P., on January 26, 2017. That date was after the mother's motions had been denied by operation of law, and those orders, therefore, were void. See Limerick, 66 So.3d at 757. The record establishes that no order was rendered on the postjudgment motions on January 23, 2017. The juvenile court's orders entered on June 15, 2017, purported to change the date of the postjudgment orders to reflect an entirely different date of rendering. Such action is impermissible under Rule 60(a) and is insufficient to confer any legal effect on the juvenile court's void orders, because changing the date on which an order was rendered is not
"the kind of mistake 'associated with mistakes in transcription, alteration, or omission of any papers and documents' that can be corrected pursuant to Rule 60(a). For this Court to hold otherwise would allow Rule 60(a) to be used 'to supply non-action by the court' in the place of its action and to make its judgment 'say something other than what was originally announced.' This is not the function of Rule 60(a)."
Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 217 (Ala. 2008).
The mother's notices of appeal were required to be filed by February 6, 2017. See H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala. Civ. App. 2009) ("A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a postjudgment motion."). The Rules of Appellate Procedure do not permit this court to construe the mother's notices of appeal to be timely. Accordingly, we dismiss the mother's appeals as untimely filed. C.B. v. D.P.B., 80 So.3d 918, 920 (Ala. Civ. App. 2011) (" 'An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.' Rule 2(a)(1), Ala. R. App. P.").
2160414-APPEAL DISMISSED.
2160415-APPEAL DISMISSED.
2160416-APPEAL DISMISSED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs in the result, without writing.

Separate, but nearly identical, judgments were filed in each case-the case number in the case pertaining to A.C. is JU-15-218.02, the case number in the case pertaining to H.C. is JU-15-219.02, and the case number in the case pertaining to B.C. is JU-15-220.02.