DONALDSON, Judge.
A.T. ("the mother") appeals from two judgments of the Calhoun Juvenile Court ("the juvenile court") ordering, respectively, that custody of D.T. and J.T. ("the children") be modified by transferring sole physical custody from the mother to D.M. ("the father"). We conclude that the mother's notices of appeal were untimely filed and dismiss the appeals.
*296 Facts and Procedural History
On July 29, 2016, the father filed a separate petition for each child in the juvenile court, which had previously determined the father's paternity of the children, alleging "[t]hat due to present circumstances" it would be in the best interest of the children to establish custody with the father or, in the alternative, to grant the father "placement time" with the children. See § 12-15-115(a)(7), Ala. Code 1975 ("A juvenile court shall ... exercise original jurisdiction of ... [p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage."). The mother filed an answer to each petition; she also filed motions to dismiss the actions, which the juvenile court denied. On June 26, 2017, and August 22, 2017, the juvenile court held a final hearing, at which the juvenile court heard testimony concerning each of the petitions filed by the father. On September 1, 2017, the juvenile court rendered a judgment, which was entered in each action, stating, in pertinent part:
"Upon evidence and testimony presented, the Court finds as follows:
"1. That the father proved that he is a fit and proper person to have custody, and that a change in circumstances occurred. That, based on all of the testimony and evidence submitted at trial, the change in custody would materially promote the children's best interests and the positive good brought about by the change in custody would far outweigh any inherent disruption of the children's lives. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
"It is therefore ORDERED, ADJUDGED, and DECREED as follows:
"A. Custody and Placement:
"1. The father ... is granted the general care, custody and control of the parties' minor children, [D.T.] ... and [J.T.] ... subject to the mother's right of placement. However, the exercise of this primary authority is not intended to negate the responsibility of both parties to notify and communicate with each other. In regard to decisions involving medical or dental emergencies, the parent having actual physical custody shall be authorized to obtain any emergency treatment necessary, without the mutual consent of both parties. Each party shall notify the other as to the dates and times of all conferences, programs or events relating to academic, religious, civic, athletic, and any other activities of the minor children, so as to afford both parties an opportunity to participate in such activity.
"2. The mother is awarded the following supervised visitation with the minor children:
"a. Every other weekend from Friday at 6:00 p.m. Alabama time until Sunday at 6:00 p.m. Alabama time, beginning the 15th day of September, 2017. The mother and father shall exchange the children at 6:00 p.m. Alabama time at the McDonald's located at the Douglasville, Georgia, exit off of I-20. The mother's sister, [L.H.], shall supervise the mother's visitation with the children. In the event the mother's sister is unable to supervise the mother's placement, the parties can agree upon an alternate supervisor or the mother can pay for a licensed supervisor.
"b. The mother shall begin unsupervised visitation when she presents a clean drug screen administered by a DOT certified laboratory to the father.
"....
"E. Child Support
"1. The mother shall pay the sum of $523 per month to the father for the support and maintenance of the parties' minor children, effective the 1st day of *297 September, 2017. Said payments shall be made [by] the [mother] directly to the Office of the Clerk of the Circuit Court of Calhoun County.
"2. The award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, [Ala. R. Jud. Admin.]. A copy of the Guideline form has been filed herein and is made a part of the record in this case.
"3. Reference is hereby made in this Order to a separate Order entitled Order of Continuing Income Withholding for Support the entry of which is required of this Court by the provisions of § 30-3-61, [Ala. Code 1975,] and which is specifically incorporated herein as a part of this Court's Order and Judgment in this cause.
"....
"F. All requests for relief not specifically granted herein are denied."
On September 7, 2017, the juvenile court rendered an amended judgment, which was entered in each action. The only change between the September 1, 2017, judgment and the September 7, 2017, judgment is the removal of one sentence in subsection E.1. of the judgment requiring the mother to make child-support payments directly to the circuit clerk's office. The juvenile court's amended judgment reads, in pertinent part: "The mother shall pay the sum of $523.00 [per] month to the father for the support and maintenance of the parties' minor children, effective the 1st day of September, 2017."
On September 20, 2017, the mother filed a motion in each case seeking a new trial or, in the alternative, to alter, amend, or vacate the juvenile court's judgment. In her motions, the mother alleged that the juvenile court's judgment is contrary to the evidence presented and to the applicable law and that the juvenile court was without jurisdiction to modify custody of the children without making a finding of dependency. The mother also alleged that the juvenile court had erred by awarding the father relief that he had not specifically requested, that the father's pleadings were insufficient, and that the juvenile court had erred in denying the mother's motion to dismiss, among other things. The father filed responses to the mother's motions. The juvenile court set the mother's motions for a hearing on October 2, 2017; however, it is not clear from the record whether that hearing took place, and there is no indication in the record that the juvenile court entered any order in response to the mother's September 20, 2017, motions. The mother filed a notice of appeal in each case on October 17, 2017; this court consolidated the appeals ex mero motu.
Discussion
"Before addressing the merits of the issues raised on appeal, we must first consider whether this court has jurisdiction over the mother's appeal. ' "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." ' Singleton v. Graham, 716 So.2d 224, 225 (Ala. Civ. App. 1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala. Civ. App. 1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ). ' " '[S]ubject-matter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.' " ' M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala. Civ. App. 2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala. Civ. App. 2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala. Civ. App. 2003) )."
*298 Fox v. Arnold, 127 So.3d 417, 421 (Ala. Civ. App. 2012).
We must first decide if the mother's postjudgment motions and notices of appeal were timely filed to invoke this court's jurisdiction. See Rule 28(c), Ala. R. Juv. P.; and Rule 4(a), Ala. R. App. P. This court requested that the parties submit letter briefs addressing whether the juvenile court's September 7, 2017, judgment corrected a clerical mistake under Rule 60(a), Ala. R. Civ. P., and, thus, related back to the September 1, 2017, judgment. In his letter brief, the father argues that the mother's notices of appeal were untimely, asserting that the juvenile court's September 7, 2017, judgment did not alter the rights of the mother in any way. In her letter brief, the mother argues that the deletion of the sentence in subsection E.1. of the September 1, 2017, judgment was not clerical in nature and that, therefore, her notices of appeal were timely taken from the September 7, 2017, amended judgment. The mother did not submit legal authority to support her position.
Rule 60(a) provides, in pertinent part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative." The correction of a clerical error, however, does not change the effective date of the original judgment for purposes of filing a postjudgment motion or a notice of appeal. See, e.g., J.S. v. S.W., 702 So.2d 169, 171 (Ala. Civ. App. 1997).
" ' "The trial court's authority to enter a Rule 60(a) [, Ala. R. Civ. P.,] order or a judgment nunc pro tunc is not unbridled. Merchant v. Merchant, 599 So.2d 1198 (Ala. Civ. App. 1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. Michael [v. Michael, 454 So.2d 1035 (Ala. Civ. App. 1984) ].' "
" ' McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala. Civ. App. 1995).
" ' "It is important to note that the object of a judgment nunc pro tunc or motion under rule 60(a) [, Ala. R. Civ. P.,] is to make the judgment or record speak the truth. Ward v. Ullery, 442 So.2d 99 (Ala. Civ. App. 1983). It cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced. Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947) ; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854 (1973)."
" ' Michael v. Michael, 454 So.2d 1035, 1037 (Ala. Civ. App. 1984).' "
K.P. v. Madison Cty. Dep't of Human Res., 243 So.3d 835, 838-39 (Ala. Civ. App. 2017) (quoting Smith v. Smith, 991 So.2d 752, 754 (Ala. Civ. App. 2008) ). In subsection E.3. of both the September 1 and September 7, 2017, judgments, the juvenile court states:
"Reference is hereby made in this Order to a separate Order entitled Order of Continuing Income Withholding Order for Support the entry of which is required of this Court by the provisions of § 30-3-61, [Ala. Code 1975,] and which is specifically incorporated herein as a part of this Court's Order and Judgment in this cause."
As noted above, the only change in the September 7, 2017, judgment is the deletion of a sentence in subsection E.1. that states that child-support "payments shall be made [by] the [mother] directly to the Office of the Clerk of the Circuit Court of Calhoun County." Under the September 1, 2017, judgment, which contained that sentence, the mother would have been required *299 to pay child support directly to the circuit clerk's office and also would have been subjected to having her child-support obligation withheld pursuant to an income-withholding order, i.e., she would have been making two child-support payments per month. The September 7, 2017, judgment corrected that error.
In order to be a clerical mistake subject to Rule 60(a), " ' " 'it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned.' " ' " Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 217 (Ala. 2008) (quoting Ex parte Brown, 963 So.2d 604, 608 (Ala. 2007), quoting in turn Higgins v. Higgins, 952 So.2d 1144, 1148 (Ala. Civ. App. 2006), quoting in turn Ex parte Continental Oil Co., 370 So.2d 953, 956 (Ala. 1979) (Torbert, C.J., concurring specially) ). Because the September 1, 2017, judgment and the September 7, 2017, judgment both reference the juvenile court's income-withholding order, it may be "gleaned" from the record that the juvenile court intended that the mother's child-support obligation be paid once per month through the income-withholding order and not by payment directly to the circuit clerk's office.
Because we have determined that the juvenile court's September 7, 2017, judgment corrected a clerical error in the September 1, 2017, judgment, we must determine whether the mother's postjudgment motions and notices of appeal were timely filed.
"A change to a judgment to correct a clerical error relates back to the date of the entry of the final judgment. See [ Luker v. Carrell, 25 So.3d 1148, 1152 (Ala. Civ. App. 2006), rev'd on other grounds, Ex parte Luker, 25 So.3d 1152 (Ala. 2007) ]. Unlike when a judgment 'correction' actually amounts to an amendment of a judgment that changes a prevailing party, a correction to a final judgment pursuant to Rule 60(a) 'has no bearing on the timeliness of an appeal from the original uncorrected judgment.' See J.S. v. S.W., 702 So.2d 169, 171 (Ala. Civ. App. 1997)."
Barnes v. HMB, LLC, 24 So.3d 460, 462 (Ala. Civ. App. 2009) (footnote omitted). Because the September 7, 2017, judgment relates back to the September 1, 2017, judgment, the appropriate date for calculating the time in which to file a postjudgment motion or a notice of appeal is September 1, 2017. In a juvenile case, the time for filing a postjudgment motion or a notice of appeal is 14 days from the date of the judgment. See Rule 28, Ala. R. Juv. P.; Rule 4, Ala. R. App. P. In this case, the mother filed her postjudgment motions on September 20, 2017, 19 days after the entry of the juvenile court's judgment. Because the mother's postjudgment motions were not timely filed, the time for filing the notices of appeal was not tolled. See C.B. v. D.P.B., 80 So.3d 918, 920 (Ala. Civ. App. 2011) (citing T.G. v. Etowah Cty. Dep't of Human Res., 937 So.2d 523, 524 (Ala. Civ. App. 2005) ). The mother filed her notices of appeal on October 17, 2017, 46 days after the entry of the juvenile court's judgment. Because the time for filing the notices of appeal had not been tolled by timely filed postjudgment motions, the mother's notices of appeal were also untimely filed. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala. R. App. P. Accordingly, we dismiss the mother's appeals.
2170095-APPEAL DISMISSED.
2170096-APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.